400 So.2d 1016 (1981)
TALLAHASSEE MEMORIAL REGIONAL MEDICAL CENTER and Corporate Group Service, Inc., Appellants,
v.
Eloise SNEAD, Appellee.
No. WW-271.
District Court of Appeal of Florida, First District.
June 26, 1981.
James N. McConnaughhay of McConnaughhay & Roland, P.A., Tallahassee, for appellants.
Jon D. Caminez, Tallahassee, for appellee.
PER CURIAM.
Appellants seek review of a workers' compensation modification order awarding Snead an additional five percent (5%) in loss of wage earning capacity benefits. Among other points, appellants challenge the sufficiency of the evidence and the deputy commissioner's determination that the American Medical Association's Guides to the *1017 Evaluation of Permanent Impairment (1977) (Guides) does not apply. Although we find the Guides should apply, the deputy's failure to apply the Guides does not constitute reversible error because the evidence is sufficient to support modification based on loss of wage earning capacity.
Snead was injured on July 21, 1978. Dr. Smith, an orthopedist, testified at the initial hearing that Snead suffered a five percent (5%) permanent partial disability. On September 6, 1979, the deputy entered an order awarding Snead ten percent (10%) permanent partial disability benefits based on loss of wage earning capacity. Although she subsequently found work as a counselor, Snead continued to suffer severe pain and, as a result, was often absent from work. She then returned to Dr. Smith, who, based on a reasonable degree of medical probability, found Snead's condition had worsened and reassessed her anatomical impairment rating increasing it to ten percent (10%) permanent partial disability.
Snead then applied for a modification pursuant to § 440.28, Florida Statutes (1979). On deposition, Dr. Smith testified he did not use the Guides. The deputy determined the Guides did not apply and modified the award increasing her impairment rating to fifteen percent (15%) permanent partial disability based on loss of wage earning capacity.
Section 440.15(3)(a)(3) provides:

In order to reduce litigation and establish more certainty and uniformity in the rating of permanent impairment, the division shall establish and use a schedule for determining the existence and degree of permanent impairment based upon medically or scientifically demonstrable findings. The schedule shall be based on generally accepted medical standards for determining impairment and may incorporate all or part of any one or more generally accepted schedules used for such purpose, such as the American Medical Association's Guides to the Evaluation of Permanent Impairment. On August 1, 1979, and pending the adoption, by rule, of a permanent schedule, Guides to the Evaluation of Permanent Impairment, copyright 1977, 1971, by the American Medical Association, shall be the temporary schedule and shall be used for the purposes hereof. (Emphasis supplied).
The emphasized portion demonstrates the legislative intent to establish more uniformity in the assessment of permanent impairment ratings. Since the division has not adopted a permanent schedule, the Guides to the Evaluation of Permanent Impairment applies. The statutory language requires application of the Guides in all hearings commenced after August 1, 1979. Since the hearings occurred after the effective date, the deputy commissioner erred in failing to apply the schedule. That failure, however, does not constitute reversible error because the deputy's award was based on loss of wage earning capacity, not measured simply by anatomical impairment. In measuring loss of wage earning capacity, no single factor is conclusive. Walker v. Electronic Products and Engineering Co., 248 So.2d 161 (Fla. 1971). The existence of some permanent anatomic impairment was, of course, essential as a basis for both the initial and modified award of earning capacity loss benefits in this case. Agrico Chemical Co. v. Laws, 384 So.2d 722 (Fla. 1st DCA 1980). But a questionable measurement of the degree of impairment (or in some circumstances a finding of such impairment without quantitative determination) does not constitute reversible error when the award is otherwise supported by the record. See Everglades Hotel v. Rodriguez, IRC Order 2-3152 (April 29, 1977), cert. denied 354 So.2d 980 (Fla. 1977). In addition, modification based on proof of change of condition by increased earning capacity loss, independent of any increased impairment, has been upheld. Dupont Plaza Hotel v. Schiffman, 8 FCR 78 (Sept. 24, 1973), cert. denied, 291 So.2d 5 (Fla. 1974).
The evidence in this case demonstrates that Snead's condition had worsened, that she is continuously in pain, and that she is often absent from work due to pain. Accordingly, we find sufficient evidence to sustain the modification.
The order is affirmed.
*1018 MILLS, C.J., WENTWORTH, J., and VIRGINIA Q. BEVERLY, Associate Judge, concur.