410 So.2d 986 (1982)
Mitchell B. BAILEY, Appellant,
v.
HAWES CHRYSLER-PLYMOUTH and Lynn Underwriting Company, Appellees.
No. AC-381.
District Court of Appeal of Florida, First District.
March 15, 1982.
R. Dennis Comfort of Sieg, Comfort, Hawk, LaCroix & Reid, Gainesville, for appellant.
John P. Brooks of Jones & Langdon, P.A., Gainesville, for appellees.
THOMPSON, Judge.
The claimant appeals a compensation order, contending that the deputy commissioner (the deputy) erred in failing to rule on his claim for temporary partial disability (TPD), in failing to award rehabilitation services, and in failing to award a fee to his attorney. We agree the deputy erred in failing to rule on the TPD claim and reverse on that issue.
The deputy's order awarded additional medical benefits but denied temporary total disability (TTD) benefits, permanent partial disability (PPD) benefits, rehabilitation *987 services, and a fee to claimant's attorney. The employer/carrier (E/C) contend that the denial of PPD benefits was merely a scrivener's error, that the intended reference was to TPD benefits, and therefore the deputy did rule on and deny TPD benefits. If the E/C were of that opinion, they should have requested the deputy to make that correction before the compensation order became final. This court cannot make that assumption on appeal. The issue of TPD was ripe and should have been decided by the deputy.
The deputy did not err by denying rehabilitation services to the claimant. Section 440.49, Fla. Stat. provides that where an employer does not voluntarily offer rehabilitation services, the employee must apply to the Division of Workers' Compensation for a rehabilitation evaluation before seeking an award of such services from the deputy. The claimant has not applied for a rehabilitation evaluation and his claim for these services was properly denied by the deputy.
The deputy correctly determined that claimant's attorney was not entitled to a fee for his recovery of additional medical benefits. Section 440.34(2)(a), Fla. Stat. (1979) provides that the claimant can recover a reasonable attorney's fee from a carrier or employer against whom he has successfully asserted a claim for medical benefits only, if the claimant has not filed or is not entitled to file a claim for disability or certain other benefits. Here, the claimant filed a claim for disability in addition to the claim for medical benefits and § 440.34(2)(a) is not applicable. However, both parties agree that claimant's attorney is entitled to a reasonable fee, and for that reason only we reverse and remand on this issue for the deputy to award claimant's attorney a reasonable fee.
Reversed and remanded for further proceedings consistent with this opinion.
MILLS and WENTWORTH, JJ., concur.