416 So.2d 900 (1982)
CLAY HYDER TRUCKING, Appellant,
v.
Wilma PERSINGER, Appellee.
No. AE-283.
District Court of Appeal of Florida, First District.
July 14, 1982.
*901 Bernard J. Zimmerman of Akerman, Senterfitt & Eidson, Orlando, for appellant.
Thomas Cassidy of Stanley, Wines & Smith, Lakeland, for appellee.
PER CURIAM.
The self-insured employer appeals a workers' compensation order, contesting the award of § 440.15(3)(b), wage-loss benefits. We conclude that the deputy commissioner did not err in awarding such benefits, and we affirm the order appealed.
The employer asserts that the deputy erred by predicating the wage-loss award on a disability rating not explicitly stated to be in conformity with the AMA Guides to the Evaluation of Permanent Impairment (1977). Section 440.15(3)(a)3, Florida Statutes, provides that the AMA Guides shall serve as a temporary schedule for determining the existence and degree of permanent impairment.[1] The employer did not present this issue before the deputy, either before, during, or after the hearing, and therefore should not now be heard to complain on this point. See Sunland Hospital v. Garrett, 415 So.2d 783 (Fla. 1st DCA 1982); also see Acosta Roofing Co. v. Gillyard, 402 So.2d 1321 (Fla. 1st DCA 1981).
The employer also questions claimant's inability to return to her former employment as a truck driver, or to find alternative employment, during the period for which wage-loss benefits were awarded. The argument on this point is essentially one of competent substantial evidence, and the record presents numerous issues as to credibility and weight of the evidence,[2] which issues can properly be resolved only by the deputy commissioner. See Grillo v. Big B Ranch, 328 So.2d 429 (Fla. 1976). Indeed, the adequacy of a claimant's work search is itself a factual issue within the ambit of the deputy's fact-finding authority, and the deputy's conclusion in this regard will be upheld if the record provides any competent substantial evidence in support thereof. Because the record in the present case does contain such evidence, we conclude that the employer has failed to demonstrate error.
Accordingly, the order appealed is affirmed.
ERVIN and SHIVERS, JJ., concur.
WENTWORTH, J., concurs with opinion.
WENTWORTH, Judge, concurring.
I agree entirely with the majority opinion but would also conclude that the substance of the medical evidence in the present case satisfies the statutory standards, considering the physician's precise description of physical and functional conditions substantiated during and after claimant's orthopedic surgery for her fractured foot. The evidence leaves room for no serious question as to the existence of some degree of permanent impairment, by any standard, and the employer provides no contrary analysis of the medical testimony to show insufficiency of the proof of impairment under the Guides.
NOTES
[1] Compare Decor Painting v. Rohn, 401 So.2d 899 (Fla. 1st DCA 1981), with Tallahassee Memorial Regional Medical Center v. Snead, 400 So.2d 1016 (Fla. 1st DCA 1981). As in Snead, the award in the present case is not dependent on a specific degree of impairment; wage-loss benefits are awardable upon the existence of "any permanent impairment" [e.s.]. See § 440.15(3)(b)1.
[2] E.g., claimant's physician testified at one point that it would "probably take several months before she rehabilitates herself back to the rigors of truck driving," while at another point indicating that claimant could perhaps return to such work by "circumvent[ing] the use of the clutch through proper r.p.m.'s of the engine."