425 So.2d 9 (1982)
PARADISE FRUIT COMPANY and Mission Insurance Company, Appellants,
v.
Mary Lucille FLOYD, Appellee.
No. AF-493.
District Court of Appeal of Florida, First District.
August 31, 1982.
*10 James H. Smith of Marlow, Shofi, Ortmayer, Smith, Connell & Valerius, Tampa, for appellants.
John A. Williamson of Barrs, Williamson & Levens, Tampa, for appellee.
PER CURIAM.
The primary issue in this workers' compensation appeal is whether the Guides to the Evaluation of Permanent Impairment (AMA Guides) is a mandatory schedule upon which the finding of permanent impairment under Section 440.15(3)(a)3, Florida Statutes (1979), must be based in this case. We find it is.
The use of the AMA Guides in determining the existence or percentage of permanent impairment is mandatory in most cases with some exceptions such as when the permanent impairment is obviously visible and demonstrable to the deputy such as the loss of an arm or when the particular injury was not covered in the guides. See Rhaney v. Dobbs House, Inc., 415 So.2d 1277 (Fla. 1st DCA 1982). In this case the treating physician testified that in his opinion the claimant sustained a permanent impairment, but he admitted on cross-examination that the claimant did not have any limitation of range of motion and that under the AMA Guides an individual must have a limitation of motion in order to have a permanent impairment. Therefore, the claimant did not have a permanent impairment rating under the AMA Guides. Since the AMA Guides cover this particular injury and specify the criteria for determining whether or not it results in any permanent impairment, the AMA Guides must be used and the criteria specified therein must be met in order to find that the claimant sustained a permanent impairment in this case. Accordingly, we must reverse the determination of entitlement to wage loss benefits which was based on the deputy's finding of permanent anatomic impairment. See Tallahassee Memorial Regional Medical Center v. Snead, 400 So.2d 1016 (Fla. 1st DCA 1981).
We must also reverse the deputy commissioner's award of temporary total disability benefits because the record clearly shows that the claimant did not conduct any work search whatsoever. The testimony by the treating physician that the claimant could not return to work of the type she *11 had been doing before the injury did not excuse a work search. In fact, he stated she was capable of gainful employment. Walter Glades Condominium v. Morris, 393 So.2d 664 (Fla. 1st DCA 1981). There is no evidence to the contrary other than the claimant's general opinion that she was unable to work.
Furthermore, it appears that the award of temporary total disability benefits may have been made to penalize the employer/carrier for failure to voluntarily provide rehabilitation services. Section 440.49, Florida Statutes (1979), requires that an application for such services be made to the Division of Workers' Compensation for an evaluation before an award of such services can be sought from the deputy. Bailey v. Hawes Chrysler-Plymouth, 410 So.2d 986 (Fla. 1st DCA 1982).
We do, however, find competent substantial evidence in the record to support the deputy's finding that the claimant's hospitalization for a rash was emergency in nature.
Accordingly, the order of the deputy commissioner is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
JOANOS, THOMPSON and WIGGINTON, JJ., concur.