JOANOS, Judge.
In this workers compensation case, the claimant appeals the deputy commissioner’s determination that (1) he did not have an assigned permanent physical impairment under American Medical Association’s Guides to the Evaluation of Permanent Impairment; (2) he suffered no wage loss; and (3) employer/carrier (E/C) did not act in bad faith. We affirm in' part, reverse in part, and remand.
Claimant fell and injured his low back on March 3, 1980, while working as a truck driver for E/C. He was treated by Dr. Uricchio, an orthopedist. Claimant reached maximum medical improvement on September 10, 1981.
During his deposition Dr. Uricchio replied affirmatively when asked whether claimant had a permanent impairment based on the AMA Guides. He was then asked what the degree of impairment was, and he replied that it was seven percent of the body as a whole. Later in the deposition, Dr. Uric-chio was questioned, and answered, as follows:
Q. Now, Doctor, did you specifically use the AMA guidelines in coming up with the physical impairment or did you take into consideration other factors?
A. Well, there are also other or additional factors. I did use that as a guideline.
Q. What other factors in addition to the AMA guidelines did you use in coming up with the opinion concerning impairment? A. Just my experience over the years and the fact that he had probably two disc protrusions rather than one.
Q. So, this indication that he has a permanent impairment took into consideration other factors in addition to those factors outlined in the AMA guidelines?
Mr. Adler: Let me object — to make sure Dr. Uricchio understands that you’re asking a question as regards whether or not he has any impairment rather than the degree of impairment—
Mr. Zimmerman: George, it will be your turn in a minute.
Q. My question is, Doctor, did the opinion that you expressed, that is the seven percent impairment, take into consideration other factors in addition to what it says in the AMA guidelines?
A. Yes, sir.
In the order, the deputy found “[t]hat the claimant was not entitled to wage loss from September 9, 1981, to the present, in that there was a job available by the employer and there was no assigned impairment because of the injury of March 10, 1980.”
The deputy overlooked or incorrectly evaluated the evidence as to the existence of a permanent impairment. While Dr. Ur-icchio’s testimony may not have supported a finding that claimant incurred a permanent impairment of seven percent of the body as a whole, his testimony that he considered factors in addition to the AMA Guides in arriving at the seven percent rating does not render his testimony invalid as to the existence of some permanent impairment, which is the prerequisite to wage loss benefits under Section 440.15(3)(b), Florida Statutes. See Deinema v. Pierpoint Condominiums, 415 So.2d 811 (Fla. 1st DCA 1982); Tallahassee Memorial Regional Medical Center v. Snead, 400 So.2d 1016 (Fla. 1st DCA 1981).
This erroneous finding by the deputy as to the existence of a permanent impairment may have had an impact on the simultaneous finding that because there was a job available with E/C, claimant suffered no wage loss. Therefore we remand for reconsideration of the question whether claimant suffered a wage loss, in light of our reversal as to the existence of a permanent impairment.
The deputy did not err in finding that no bad faith on the part of the E/C had been shown, therefore that finding is affirmed.
AFFIRMED in part, REVERSED in part, and REMANDED.
LARRY G. SMITH and SHAW, JJ., concur.