NIMMONS, Judge.
Employer/carrier (E/C) appeal from an order of the deputy commissioner requiring the E/C to “provide claimant with vocational training and education as a laboratory assistant for a period of 26 weeks together with payment of all fees and costs incident to that training.” No request for training as a lab assistant had been made prior to the hearing by either the claimant or her attorney and the E/C had no indication that such would be requested until claimant’s attorney advised the deputy at hearing that the claimant was interested in lab assistant training. We reverse the order.
Claimant is a 54-year-old woman with a high school general equivalency diploma and had been employed as a nurse’s aid for about two years at the time of her September, 1980, back injury, which resulted when she bent over a hospital bed.
In July, 1981, the E/C authorized the participation by the claimant in a pain management program which was recommended as part of her medical rehabilitation. After having made excellent progress, she completed that program in October, 1981. She was subsequently assigned a 10% permanent physical impairment rating in December, 1981. Shortly thereafter, the E/C secured the services of Mrs. Christian, a vocational rehabilitation specialist, who commenced working with claimant on a program of vocational rehabilitation aimed toward qualifying claimant for employment as a medical receptionist, a vocation which she had indicated she wished to pursue. The E/C authorized the claimant to enroll in typing and bookkeeping classes in order to satisfy entrance requirements for the medical receptionist program.
Approximately three months into her typing course, it appeared that claimant was making slow progress in developing the typing skills necessary to enter the *319 medical. receptionist program which she had selected and that her efforts were minimal. After the E/C conferred with Mrs. Christian, the E/C discontinued paying temporary total disability benefits, and advised claimant that she should seek at least part-time employment while continuing her typing, that the E/C would resume payment of temporary total disability benefits as soon as she satisfied the minimum requirements for admission to the medical receptionist program and that, in the interim, she would be paid on the basis of wage loss. Shortly thereafter, claimant dropped out of her typing class because she did not feel she had enough time for her class and a search for employment.
On July 28, 1982, claimant filed, through her attorney, a claim in which the benefits claimed were specified as “vocational rehabilitation, costs and attorneys fees.” The pre-trial stipulation likewise did not specify any particular rehabilitation services or program sought by the claimant. As previously mentioned above, the first indication by claimant of a desire to be trained as a laboratory assistant was at the hearing on October 11, 1982, when her attorney so informed the deputy and suggested that the deputy order an evaluation. In his order, the deputy observed that he was impressed by the claimant’s extensive job search and of claimant’s apparent desire to be re-employed and found that her injury would preclude her from earning wages equal to those earned prior to the injury. Over the E/C’s objection, the deputy ordered the E/C to furnish vocational training and education as a laboratory assistant for a period of 26 weeks.
Section 440.49(l)(a), Florida Statutes (1981), entitles an employee who suffers a compensable injury to rehabilitation services at the expense of the employer or carrier where it appears that the injury will preclude the employee from earning wages equal to wages earned prior to the injury. The E/C contends, however, that the claimant has failed to qualify for the beiiefits ordered by reason of her failure to follow the procedures set forth in the following portion of Section 440.49(l)(a):
If such services are not voluntarily of- . fered or accepted, the Division of Workers’ Compensation of the Department of Labor and Employment Security, upon application of the employee, employer, or carrier, after affording the parties an opportunity to be heard, may refer the employee to a qualified physician or facility for the evaluation of the practicality of, the need for, and the kind of service, treatment, or training, necessary and appropriate to restore the employee to suitable gainful employment. On receipt of such report, and after affording the parties an opportunity to be heard, the deputy commissioner may order that the service and treatment recommended in the report, or such other treatment recommended in the report, or such other rehabilitation treatment or service deemed necessary, be provided at the expense of the employer or carrier.
See Bailey v. Hawes Chrysler-Plymouth, 410 So.2d 986 (Fla. 1st DCA 1982); Paradise Fruit Co. v. Floyd, 425 So.2d 9 (Fla. 1st DCA 1982). But claimant relies upon our construction of the above statutory provision in Hurricane Fence Industries v. Bozeman, 413 So.2d 822 (Fla. 1st DCA 1982). There, we sustained an award of rehabilitation benefits, observing:
[WJhile application to the Division for referral to a physician or facility for evaluation is contemplated by the new law, if rehabilitation is “not voluntarily offered or accepted,” nowhere is there any indication that such an application is a jurisdictional prerequisite to the receipt of rehabilitation benefits by the claimant.
[413 So.2d at 825, 826] Significant distinctions exist between the situation extant in Bozeman and that which is involved in the case at bar: (1) The E/C in Bozeman made no effort to assist in any vocational rehabilitation efforts in spite of the claimant’s request therefor; and (2) The claimant in Bozeman, well before the deputy commissioner’s hearing, notified the employer/carrier of the particular vocation (meatcutting) for which he was seeking rehabilitation assistance.
*320 In the case at bar, as previously noted, the E/C voluntarily furnished the claimant with substantial rehabilitation services necessary for entry into a vocational program which the claimant had chosen. Although the claimant may well be entitled to other and further such services at the E/C’s expense, the E/C must be given at least some notice and opportunity to be heard on the propriety of the program or services to be ordered by the deputy. At the hearing, the claimant’s attorney suggested only an evaluation. However, the deputy bypassed any such evaluation and ordered the services for 26 weeks along with temporary total disability for that period. It is true that the Bozeman court construed Section 440.49(l)(a) in such a manner that the deputy’s “jurisdiction or authority” to award certain rehabilitation treatment or service is not, under the 1979 amendments to that section, dependent upon the receipt of an evaluation report from the Division concerning a particular rehabilitation program. However, we do not believe that the Boze-man holding or rationale supports the deputy’s order in the instant case. By reason of the peculiar circumstances involved in the instant case, since the deputy chose not to order an evaluation and report from the Division concerning the propriety of the laboratory assistant vocational training which the claimant sought for the first time at the hearing, the E/C should have been afforded the opportunity to seek such an evaluation from the Division and to present evidence thereon at a subsequent hearing after sufficient time for the E/C to develop and present evidence pertaining thereto.
The remaining point asserted on appeal by the E/C is that the deputy erred in awarding attorneys fees to claimant based upon “bad faith” of the E/C inasmuch as, according to the E/C, no claim of bad faith had been made and the issue was not litigated. Claimant has conceded on appeal that the award of attorneys fees must be reversed in that the issue was not litigated or addressed at the hearing before the deputy.
Accordingly, the order appealed is reversed and this cause is remanded for further proceedings consistent with this opinion.
WENTWORTH and ZEHMER, JJ., concur.