453 So.2d 1163 (1984)
C & H CONSTRUCTION and Aetna Insurance Company, Employer/Carrier/Appellants,
v.
Michael LEYMAN, Employee/Claimant/Appellee.
No. AT-383.
District Court of Appeal of Florida, First District.
July 19, 1984.
Rehearing Denied September 6, 1984.
Mark E. Hungate of Fowler, White, Gillen, Boggs, Villareal & Banker, St. Petersburg, for employer/carrier/appellants.
Thomas Cassidy of Smith, Cassidy, Platt & Harris, Lakeland, for employee/claimant/appellee.
BARFIELD, Judge.
In this workers' compensation case the court is again faced with a challenge to the award of rehabilitation benefits by the deputy commissioner on the grounds that the claimant did not first apply to the Division of Workers' Compensation for evaluation before embarking on a rehabilitation program. The legal predicate for the appeal is that two cases from this court, Bailey v. Hawes Chrysler-Plymouth, 410 So.2d 986 (Fla. 1st DCA 1982) and Paradise Fruit *1164 Company v. Floyd, 425 So.2d 9 (Fla. 1st DCA 1982) conflict with Walker v. New Fern Restorium, 409 So.2d 1201 (Fla. 1st DCA 1982) and Hurricane Fence Industries v. Bozman, 413 So.2d 822 (Fla. 1st DCA 1982).
Neither in Bailey nor in Paradise Fruit Company is there any factual basis recited which would aid the appellant or this court in evaluating the statutory reference concerning application to the Division for evaluation. The overlapping of panel members concurring in all four cited cases would suggest that the factual background in each case led to the correct result.
The decisions in Walker and Hurricane Fence Industries follow full discussions of the factual backgrounds for the rulings. What is abundantly clear from those cases is that application to the Division for evaluation is not a jurisdictional prerequisite to recovery of rehabilitation benefits. Such procedure is established by statute to provide a resolution for dispute when rehabilitation services are not voluntarily offered by the employer or accepted by the employee. The provisions of Section 440.49, Florida Statutes (1981) are not indispensable, but are certainly the preferred procedure as they lend order and direction to a timely resolution of the issue of rehabilitation services and should normally be followed. Walker involved a situation where there was substantial but inexact compliance with the procedure with no prejudice to the employer shown because of the deviations from the procedure. Hurricane Fence Industries involved a situation like the one at issue here where the claimant's desire for rehabilitation was made known to the carrier and the employer but they did nothing to provide the services, instruct the claimant on how to seek that help or invoke the procedure themselves until after the claimant had followed another path to obtain the needed services. The claimant is not precluded from obtaining services independent of the employer and the Division, but when he does so he obtains those services at the risk he will not persuade the deputy commissioner that those particular services were necessary.
In this case the employer knew of the desire and need for rehabilitation services for six months before the hearing and did nothing until the eleventh hour. Just before the hearing date the employer made an appointment for the claimant to go to the Division for evaluation on a date to follow the hearing. We find it appropriate to reiterate what this court said in Hurricane Fence Industries,
Although we can appreciate the chafing effect this decision might have upon the employer, and others similarly situated, we hasten to point out that the failure of the employer or the carrier, or both, to become sufficiently informed so as to properly understand the self-executing nature of the worker's compensation law, and the increased responsibilities imposed upon them by the recent legislation, cannot be raised in defense of an otherwise meritorious claim. The facts of this case all too obviously reveal the lack of communication by the carrier with the employer, and a lack of concern by the employer until such time as the prospect of economic detriment presented itself. Then it was "too little-too late." The rehabilitation features of the workers' compensation law now in effect call for "prompt" rehabilitation services. A "do nothing" approach on the part of the employer and carrier is no longer a viable alternative.
413 So.2d at 827 (footnote omitted).
AFFIRMED.
BOOTH and WENTWORTH, JJ., concur.