JOANOS, Judge.
The employer and carrier in this workers’ compensation case appeal an order awarding rehabilitation in the form of expenses for a course in nutrition. The claimant cross appeals the denial of reimbursement for rehabilitation undertaken at claimant’s own expense, and the denial of wage loss benefits for the time period claimant worked in sheltered employment for his father-in-law. We affirm the issue raised on appeal, but reverse and remand the issues on cross appeal.
The deputy commissioner indicates in his order that the claimant acted reasonably in voluntarily terminating his employment because the working conditions attendant upon the job provided by Sugar Cane Growers Co-Op placed claimant in a potentially dangerous situation. Nevertheless, the deputy commissioner felt claimant’s attendance at a three-month massage course constituted a voluntary limitation of income, and found that claimant was not entitled to compensation benefits for this period. As an additional ground for denial of rehabilitation benefits, the deputy commissioner observed that “claimant apparently made no attempt to have either the employer/servicing agent or the undersigned approve this program as an authorized rehabilitation course before entering.” The final reason relied upon by the deputy commissioner to deny reimbursement for claimant’s three month course was the deputy’s view that “[t]he law does not provide for rehabilitative temporary total disability benefits to be paid for a course retroactively designated as an approved course.”
This statement indicates the deputy commissioner misunderstood the applicable law. See: C & H Construction v. Leyman, 453 So.2d 1163 (Fla. 1st DCA 1984). We conclude the deputy commissioner’s erroneous conclusion that he lacked authority to grant retroactive approval to a rehabilitation plan initiated by a claimant may have been the deciding factor in his denial of compensation benefits for the program undertaken by this claimant. We are further persuaded to this view because the deputy commissioner approved the claimant’s request for additional rehabilitation pursuant to Section 440.49(l)(d) and (e), Florida Statutes.
The denial of wage loss benefits for the period when claimant worked in “sheltered employment” for his father-in-law is related to the reasonableness of the claimant’s voluntary termination of employment with Sugar Cane Growers Co-Op. Therefore, we reverse and remand on both issues raised by claimant on cross appeal for the deputy commissioner’s reconsideration and determination in light of this court’s discussion and the holding in C & H Construction v. Leyman. In all other respects the deputy commissioner’s order is affirmed.
Reversed and remanded for proceedings consistent with this opinion.
SMITH and WIGGINTON, JJ., concur.