THOMPSON, Judge,
dissents.
I dissent.
The employer/carrier (E/C) appeal an order directing the E/C to provide to claimant rehabilitation services under the direction of Statewide Rehabilitation, Inc. (Statewide). I would reverse.
Claimant sustained a compensable injury on June 15, 1984. On June 24, 1985 claimant’s treating physician advised the carrier that the claimant had reached maximum medical improvement (MMI) with no permanent partial physical impairment, and that he could return to work without restrictions.
Sometime prior to July 18, 1985 claimant’s attorney referred him to Statewide for a recommendation concerning vocational rehabilitation. Claimant was seen pursuant to that referral on July 18,1985. On July 22,1985, just four days after his interview with Statewide, the claimant returned to his treating physician and advised him he was unable to return to work as ' a carpenter. He told the doctor that he was unable to climb stairs, had increasing pain, and had had problems with his knee giving away. The doctor then advised the E/C and claimant’s attorney by report of that same date that he believed the claimant was going to be unable to do the heavy work of a carpenter and that he should be evaluated and trained for a less physically demanding job. This report was not received by the claimant’s attorney until at least five or six days after he had referred the claimant to Statewide and after claimant had been interviewed by Statewide. Neither the claimant nor his attorney had made any request for rehabilitation benefits.
Subsection 440.49(l)(a) provides:
When an employee has suffered an injury covered by this chapter and it appears that the injury will preclude the employee from earning wages equal to wages earned prior to the injury, the employee shall be entitled to prompt rehabilitation services. The employer or carrier, at its own expense, shall provide such injured employee with appropriate training and education for suitable gainful employment and may cooperate with federal and state agencies for vocational education and with any public or private agency cooperating with such federal and state agencies in the vocational rehabilitation of such injured employees. For purposes of this section only, “suitable gainful employment” means employment or self-employment which is reasonably attainable in light of the individual’s age, education, previous occupation, and injury and which offers an opportunity to restore the individual as soon as practicable and as nearly as possible to his average weekly earnings at the time of injury. If such services are not voluntarily offered or accepted, the Division of Workers’ Compensation of the Department of Labor and Employment Security, *1381 upon application of the employee, employer, or carrier, after affording the parties an opportunity to be heard, may refer the employee to a qualified physician or facility for the evaluation of the practicality of, the need for, and the kind of service, treatment, or training, necessary and appropriate to restore the employee to suitable gainful employment. On receipt of such report, and after affording the parties an opportunity to be heard, the deputy commissioner may order that the service and treatment recommended in the report, or such other rehabilitation treatment or service deemed necessary, be provided at the expense of the employer or carrier.
There was a total failure by the claimant’s attorney to comply with the statute prior to referring the claimant to Statewide. The E/C had no reason to believe that the injury would preclude the claimant from earning wages equal to the wages he earned prior to the injury and that claimant might therefore he entitled to rehabilitation services. On the contrary, at the time claimant’s attorney referred him to Statewide the only medical evidence available to the E/C was that the claimant had reached MMI with no physical impairment and could return to his former employment. The statute also provides that if rehabilitation services are not voluntarily offered or accepted after being offered then the Division of Workers’ Compensation upon application of the employee, employer, or carrier, after affording the parties an opportunity to be heard, may refer the employee to a qualified physician or facility for evaluation of the practicality of, the need for, and the kind of service, treatment, or training necessary and appropriate to restore the employee to gainful employment. The first notice that the E/C had that the claimant desired rehabilitation benefits came when a motion to compel rehabilitation was filed by the claimant’s attorney on August 30, 1985, after Statewide had completed its initial interview and tests, and had issued a report with recommendations for vocational Individualized Written Rehabilitation Plan.
This case is not controlled by Viking Sprinkler Co. v. Thomas, 413 So.2d 816 (Fla. 1st DCA 1982). Viking merely held that the E/C could not select the vocation or occupation for which the claimant would be retrained, and that the E/C did not have an absolute right to select the rehabilitation provider. Even a casual reading of the statute reveals that such a conclusion is correct. The statute provides that the E/C shall offer to provide rehabilitation services through a rehabilitation provider when the need is perceived. If the E/C fails to offer the rehabilitation services, or if the services offered by the E/C are not voluntarily accepted, then either party may make application for a hearing to determine what rehabilitation services shall be rendered and who shall render them.
This case is controlled by City of Miami v. Simpson, 459 So.2d 326 (Fla. 1st DCA 1984), in which this court held that the deputy could not properly require the City to pay for a rehabilitation program which the claimant Simpson had embarked upon before informing the City of any need for or interest in such a program. In Simpson neither the claimant nor his attorney mentioned anything regarding rehabilitation to the City until after the claimant had begun rehabilitation and had incurred substantial expense therewith. The court expressly noted that the claimant’s injury was not so severe that a reasonable employer would have known that the injured employee would likely be precluded from earning amounts comparable to his preinjury wage. In the instant case the claimant was referred to Statewide at a time when the only medical information available to the E/C was that the claimant had reached MMI without physical impairment and could return to his former employment. The E/C, therefore, had no reason to believe that the claimant would likely be precluded from earning amounts comparable to his preinju-ry wage. As in Simpson, the claimant in *1382 this case had already obtained rehabilitation services before any demand for rehabilitation benefits or request for payment for rehabilitation services was made. See also Visiting Nurses Association v. Teel, 443 So.2d 318 (Fla. 1st DCA 1983).
The majority decline to address the issue of whether the deputy commissioner erred in ordering that the E/C provide the claimant rehabilitation with Statewide, asserting that there is nothing in the record that reflects preservation of the issue. The majority’s position is incorrect. This is not an appeal of a compensation order entered after hearing on a claim for benefits. Instead, this appeal involves an order issued after hearing on a motion to compel rehabilitation which requests the deputy commissioner “to enter an order requiring the employer/carrier to provide rehabilitation with Statewide Rehabilitation, Inc., pursuant to the attached Individualized Written Rehabilitation Plan (IWRP)_” The notice of hearing was made a part of the motion to compel rehabilitation. The order entered and appealed provides in part:
The employer/carrier shall provide the claimant rehabilitation under the direction of Statewide Rehabilitation, Inc. and Statewide Rehabilitation, Inc. is hereby authorized to carry out the vocational objectives as set out in their IWRP filed with the aforementioned motion to compel rehabilitation....
The sole issue at the hearing was whether the E/C should be compelled to provide rehabilitation by Statewide, and the sole relief required by the order was that the E/C provide the claimant rehabilitation by Statewide. The E/C opposed the motion to compel them to provide the claimant with rehabilitation by Statewide, and their contest of the issue was the sole reason the hearing was held. The issue was necessarily preserved for appeal.
I would follow the established applicable case law and reverse the order directing the E/C to provide the claimant with rehabilitation by Statewide.