518 So.2d 360 (1987)
NEW WALES CHEMICALS, INC., and United States Fire Insurance Company, Appellants,
v.
Woodrow W. PARKS, Appellee.
No. 87-33.
District Court of Appeal of Florida, First District.
December 18, 1987.
*361 Charles E. Bentley and Michael P. Sampson of Holland & Knight, Lakeland, for appellants.
Susan W. Fox of Macfarlane, Ferguson, Allison & Kelly, Tampa, and H. Guy Smith, Lakeland, for appellee.
ZEHMER, Judge.
The employer and carrier appeal a workers' compensation order granting vocational rehabilitation benefits to claimant. The only significant issue raised on appeal is whether section 440.49(1)(a), Florida Statutes (1985), permits a claimant to receive vocational rehabilitation benefits when his employer has provided him with employment earning wages substantially close to his pre-injury wages which the deputy commissioner determined to be unsuitable employment. We conclude that it does and affirm.
Claimant's primary lifetime vocation has been that of a heavy equipment operator and diesel mechanic. After a work-related accident left him with a permanent physical *362 impairment, he was no longer able to continue in this chosen vocation. Following claimant's release to light-duty work, the carrier hired a vocational rehabilitation counselor to assist claimant in locating other employment. The counselor was unable to find a job commensurate with claimant's work experience, limited education, and physical restrictions, and repeatedly requested that the employer return claimant to some kind of employment within the company. Employer eventually agreed to employ claimant as a security guard with restrictions on his duties commensurate with his physical limitations. The wages employer has been paying claimant as a security guard are substantially close to those paid for his performance as a diesel mechanic.
Claimant quickly became dissatisfied with his new job, and, unwilling to accept it as a permanent vocation, requested vocational training. The employer and carrier denied claimant's request, contending that claimant fails to satisfy the statutory prerequisite to receiving rehabilitation benefits because the work-related injury does not preclude him from earning wages equal to wages earned prior to the injury, as evidenced by his current job as a security guard.
The deputy commissioner found as fact that the employer pays its security guards considerably more than they can expect to earn as guards in the local job market, and that claimant is ill-suited to work as a security guard on a permanent basis. He therefore concluded that the security guard job could not serve as the basis for precluding claimant from receiving rehabilitation benefits for which he otherwise qualified based on the other evidence presented. Thus, the deputy commissioner ruled, claimant sustained a significant loss of wage-earning capacity and is entitled to rehabilitation benefits.
The employer and carrier argue that the job fits within claimant's physical limitations and pays an amount substantially close to what he was earning in his previous position, and this fact, under the plain language of the statute, precludes claimant from receiving rehabilitation benefits regardless of whether he continues in that job. We decline to approve this interpretation of the statute for the following reasons.
The pertinent portion of section 440.49(1)(a) provides:
When an employee has suffered an injury covered by this chapter and it appears that the injury will preclude the employee from earning wages equal to wages earned prior to the injury, the employee shall be entitled to prompt rehabilitation services. The employer or carrier, at its own expense, shall provide such injured employee with appropriate training and education for suitable gainful employment... . For purposes of this section only, "suitable gainful employment" means employment ... which is reasonably attainable in light of the individual's age, education, previous occupation, and injury and which offers an opportunity to restore the individual as soon as practicable and as nearly as possible to his average weekly earnings at the time of the injury.
Previous decisions interpreting this statute have not addressed the precise issue before us. We are guided, however, by our decisions in Viking Sprinkler v. Thomas, 413 So.2d 816 (Fla. 1st DCA 1982), and Walker v. New Fern Restorium, 409 So.2d 1201 (Fla. 1st DCA 1982).
In Viking Sprinkler v. Thomas, 413 So.2d 816, we held that an employer and carrier do not have the right to choose a claimant's post-injury occupation when an industrial accident has impaired the claimant's own freedom of choice and job performance ability. Many factors determine whether employment is suitable, "not the least of which are the employee's aptitude, interest, desire, or `motivation' to engage in a certain type of work." 413 So.2d at 818. In Walker v. New Fern Restorium, 409 So.2d 1201, we stated that
[t]o refuse rehabilitation benefits because of the availability of any employment, no matter how ill-suited to the particular individual, would be counter to the statutorily expressed goal of rehabilitation *363  to return the individual to `suitable gainful employment.' § 440.49(1)(a) (emphasis supplied). The suitability of employment is determined by considering the claimant's injury, age, education, and prior occupation.
409 So.2d at 1204.
In the instant case, the employer and carrier have attempted to do precisely what Viking Sprinkler v. Thomas prohibits. They have placed claimant in a sheltered job paying wages commensurate with his pre-injury earnings, and then advised claimant that if he does not like the job he is free to resign. On this record, that job must be characterized as sheltered employment because claimant's duties have been conformed to claimant's limitations to light duty work, and the job pays much more than any similar job as a guard in the community. As the deputy commissioner correctly recognized, should this employment be later terminated, claimant would be left in the position of having to seek employment as a guard in a market that pays substantially less than claimant's average weekly wage at the time of injury. Such a result is not consistent with the purpose of section 440.49.
We hold, therefore, that section 440.49(1)(a) requires employers and carriers to provide rehabilitation benefits when it appears that a claimant's compensable injury precludes him from earning wages insuitable employment equal to his pre-injury wages, and that when the employer offers employment to the claimant in lieu of vocational rehabilitation benefits, the deputy commissioner is to determine whether such offered employment is in fact suitable. This construction is in conformity with our prior decisions and furthers the statutory goal of returning injured employees to suitable employment in the general job market which will permit them to earn wages equal to wages earned prior to the injury.
We also hold that competent, substantial evidence supports the deputy commissioner's finding that claimant has suffered a significant loss of wage earning capacity and that the security guard job is not suitable employment for claimant so as to preclude him from receiving rehabilitation benefits.
The employer and carrier also challenge the award of expenses incurred in hiring a vocational rehabilitation counselor after the rehabilitation counselor hired by the employer and carrier closed out her services. They argue that this award is erroneous because they did not authorize the counselor's services and because the counselor was hired for the sole purpose of evaluating claimant in preparation for trial.
Neither the record nor the law supports this argument. The record shows that the evaluation was undertaken for diagnostic purposes after the employer and carrier had refused claimant's request for such services. In fact, based upon his evaluation, this counselor located a vocational field which claimant has an aptitude for and interest in, and identified a technical school where claimant can obtain the education necessary to enter such field. A claimant is not precluded from obtaining unauthorized rehabilitation services, but when he does so, he obtains those services at the risk he will not persuade the deputy commissioner that the particular services were necessary. C & H Construction v. Leyman, 453 So.2d 1163 (Fla. 1st DCA 1984). But where, as in this case, the deputy commissioner has been persuaded that the rehabilitation services were necessary, the deputy has the authority and discretion to retroactively approve the previously unauthorized rehabilitation services. Sugar Cane Growers v. Sutterfield, 490 So.2d 1350 (Fla. 1st DCA 1986).
AFFIRMED.
WENTWORTH and NIMMONS, JJ., concur.