PER CURIAM.
In this workers’ compensation appeal, we are asked to review a finding by the Judge of Compensation Claims (JCC) that the rehabilitation undertaken by appellant/claimant was not authorized by the employer/carrier (e/c) and thus the claimant was not entitled to reimbursement. We affirm.
Appellant/claimant suffered a compensa-ble back injury on March 31, 1986. She received temporary total disability benefits (TTD) from the time of the accident through the time of the hearing.
On October 12, 1987, she filed an application for hearing on her right to be reimbursed for school expenses. On February 29, 1988, a hearing was held at which claimant testified that Travelers Insurance Company (the carrier) asked her to work with a representative of Conservco Rehabilitation Counselors. Kathy Hill, the representative, directed claimant to enroll in school and earn her GED. At Ms. Hill’s direction, claimant spent over $500 for schooling. She testified that Kathy told her to submit her receipts to the carrier and that she (Kathy Hill) “saw no reason why Travelers would not reimburse me”. Travelers has not paid the bills for claimant’s schooling which claimant has had to discontinue.
On May 4, 1988, the JCC issued an order denying the claim for reimbursement of rehabilitation expenses, finding that rehabilitation was not authorized and that the procedures for obtaining rehabilitation set up by Section 440.49, Florida Statutes were not complied with. From that determination this appeal was filed.
Claimant now argues that this case involves a question of agency which is separate and apart from the authorization issue addressed in the JCC’s order. She *56 maintains that Kathy Hill was an apparent agent of Travelers according to Florida law. The elements of apparent agency are: (1) representation by the principal (Travelers); (2) reliance on the representation by a third person, and (3) change of position to the detriment of the third person. She asserts that Conservco has long been Travelers’ rehabilitation agent and that she knew that Kathy Hill was an agent of Travelers. She argues that she relied to her detriment on Kathy Hill’s assurances that Travelers would reimburse her for rehabilitation expenses.
Although appellee did not appear in this proceeding, and therefore did not raise the issue, we note that claimant seems to be making a slightly different argument on appeal than she made before the JCC. In the pretrial stipulation filed by the parties below, she stated that rehabilitation was authorized. On appeal, however, she argues that authorization is not an issue; rather, she makes an argument involving apparent agency.
Even if it is assumed that Ms. Robinson placed her agency argument before the JCC, the argument must fail because there was no showing of representation by the principal. Although Ms. Robinson testified as to the representation of the alleged agent, Kathy Hill, she presented no evidence of Travelers’ representations as to the status of Conservco or Kathy Hill as its agent. Claimant proceeds under a theory of agency by inference from past dealings but no such evidence was presented to the JCC. Rather, she waited until filing her appellate brief before presenting any evidence on this essential element of her claim. In her brief, she states that Con-servco has long been the rehabilitation agent for Travelers and that Travelers and Conservco share the same address and post office box. Her delay in raising the issue is further indication that the agency argument was conceived after the JCC’s order. In any case, this court is not the place to begin the proof process.
When an e/c refuse or ignore a request for rehabilitation, claimant’s recourse is in Section 440.49(1), Florida Statutes. The JCC was correct in finding that claimant did not comply with the statute. If she fails to follow the procedures outlined in the statute, then claimant can obtain rehabilitation services on her own and run the risk that she will not be able to persuade the JCC that the services were necessary. See C & H Construction v. Leyman, 453 So.2d 1163, 1164 (Fla. 1st DCA 1984). Since she offered no proof concerning the reasonableness or necessity of the services, there is no basis for us to disturb the JCC’s order. She failed to establish an apparent agency relationship and also failed to pursue her statutory recourse or the method allowed by C & H Construction. For these reasons, the JCC’s order should be and is hereby affirmed.
BOOTH and MINER, JJ., concur.
JOANOS, J., dissents with opinion.