ERVIN, Judge.
Willie Strawter filed this petition for writ of certiorari seeking to quash an order in which the Judge of Compensation Claims (JCC) granted the employer/carrier’s (E/C’s) motion to provide rehabilitation and appointed a vocational rehabilitation provider. We grant the petition and quash the order. Because we believe the JCC erroneously granted the E/C’s motion, we do not decide whether an amended provision of Section 440.49(l)(a), Florida Statutes (1990),[1] which took effect October 1, 1989,[2] applies retroactively to Strawter’s accident of May 15, 1989.
After Strawter filed a claim seeking workers’ compensation benefits for an industrial injury, the E/C served a “Motion to Deem Rehabilitation Necessary and to Provide Rehabilitation,” stating that it had offered the claimant rehabilitation services and that claimant refused. At the hearing, at which no one testified, the only exhibit offered was a letter from Dr. David McMillan, one of claimant’s treating physicians, who stated therein:
I certainly would concur with the plans to have vocational consultants to [sic] evaluate this patient in his work capacity. He has some persistent pain and discomfort which may alter his lifestyle relative to his work demands.
The JCC granted the E/C’s motion, and appointed Nancy Sapp and Associates as the vocational rehabilitation provider.
The JCC made no factual findings to the effect that Strawter needed rehabilitation services, nor was there record evidence to support such a finding. This in itself was reversible error. Dimirra Dev., Inc. v. Mills, 501 So.2d 63 (Fla. 1st DCA 1987). The only evidence presented was the letter from Dr. McMillan, in which the physician merely stated that he supported plans to have vocational consultants evaluate Strawter. This does not constitute record support for ordering rehabilitation services, absent any proof that Strawter’s injury is preventing him from earning pre-injury wages, as is required by Section 440.49(l)(a), Florida Statutes (1987).[3]
Moreover, the E/C stated in its motion that it sought an order “deeming vocational rehabilitation necessary and to provide vocational rehabilitation, including, but not limited to, specialized job placement assistance[.]” By granting this motion, the JCC necessarily determined that Strawter is required to submit to such services. In Viking Sprinkler Co. v. Thomas, 413 So.2d 816 (Fla. 1st DCA 1982), this court specifically stated that a specialized job placement service is not equivalent to nor subsumed under the concept of rehabilitation pursuant to section 440.49. “Finding a job for an injured worker, however helpful and beneficial, cannot be equated with ‘training and education.’ ” Id. at 817. Furthermore,
[a]mong the statutory rights conferred upon the E/C is definitely not included the right to choose, in behalf of the injured claimant, the occupation to be followed by him when his own freedom of choice and ability to perform a job have been impaired as a result of an industrial accident.
Id. at 818.
For the reasons stated herein, Strawter’s petition is GRANTED and the order of the JCC is QUASHED.
JO ANOS and MINER, JJ., concur.

. The amended provision provides, "Neither the employer, carrier, or injured employee is required to furnish or accept voluntary vocational rehabilitation services.”

. Ch. 89-289, §§ 24, 45, Laws of Fla.

. Section 440.49(l)(a), Florida Statutes (1987), begins by providing, "[w]hen an employee has suffered an injury covered by this chapter and it appears that the injury will preclude the employee from earning wages equal to wages earned prior to the injury, the employee shall be entitled to prompt rehabilitation services." (Emphasis added.)