PER CURIAM.
Albert Phillips appeals from an order of the judge of compensation claims (JCC) which granted the employer/carrier’s motion “to evaluate the claimant to determine the need for, and the kind of service necessary and appropriate to restore the claimant to suitable gainful employment.” We reverse the order of the JCC because there was no evidence presented or factual findings to support the need for the evaluation. See Strawter v. Atlas Steel Fence, Inc., 578 So.2d 455 (Fla. 1st DCA 1991); Dimirra Dev., Inc. v. Mills, 501 So.2d 63 (Fla. 1st DCA 1987).[1]
In light of our holding, it is unnecessary for us to address the application of section 440.49(l)(a), Florida Statutes (1990),[2] to accidents which occurred prior to October 1, 1989, or the statute’s application to mandated evaluations versus mandated vocational rehabilitation.
ERVIN and WOLF, JJ., and CAWTHON, Senior Judge, concur.

. We reject appellees' contention that claimant acquiesced in the entry of the order or waived the required factual findings. A review of the hearing indicates claimant’s counsel’s continued opposition to entry of the order.

. The amended provision provides, "Neither the employer, carrier, or injured employee is required to furnish or accept voluntary vocational rehabilitation services."