SMITH, Judge.
This appeal raises two interrelated questions: whether claimant’s accident occurred during the course of his employment with appellant Certified Grocers, and if so, whether the deputy commissioner erred in awarding claimant temporary total disability (TTD) benefits from May 11, 1983, and continuing, in view of claimant’s alleged failure to provide the E/C with formal notice of injury, pursuant to Section 440.185, Florida Statutes (1981). Upon examination of the record on appeal and the briefs filed with this court, we find competent, substantial evidence to support the deputy commissioner’s finding that claimant’s injury was the result of an accident arising in the course of his employment. We also find, if claimant’s accident is otherwise compensable, no error in the deputy’s award of TTD benefits.
However, the deputy commissioner failed to specifically rule on the E/C’s notice defense in his initial order, and even after a motion for reconsideration was filed by the E/C, the deputy commissioner issued an amended order which still failed to address the pending notice defense. Therefore, in the present posture of this case, we find it necessary to reverse the order appealed from and remand for a ruling on the E/C’s notice defense. University of Florida v. Green, 395 So.2d 258 (Fla. 1st DCA 1981); Westberry v. Copeland Sausage Company, 389 So.2d 1214 (Fla. 1st DCA 1980).
Since a final determination on this claim cannot be made until after the deputy rules on the pending notice defense, claimant’s petition for attorney’s fees in this court is provisionally granted in accordance with a separate order to be issued concurrently with this opinion. The attorney’s fees sought by claimant shall be payable only in the event the claimant prevails below on remand regarding the E/C’s notice defense, in which case the deputy commissioner’s order shall include the award of attorney’s fees to claimant for this appeal.
AFFIRMED in part, REVERSED in part, and REMANDED with directions.
BOOTH and THOMPSON, JJ., concur.