THOMPSON, Judge.
This is an appeal from a workers’ compensation order awarding, inter alia, temporary total disability (TTD) benefits for the period from July 15, 1982 through November 21, 1983, the date of maximum medical improvement, and wage loss benefits thereafter. We conclude that the order requires modification.
There was a complete absence of medical evidence that the claimant was totally disabled at any time between July 15, 1982 and August 11, 1983, or after November 21, 1983. Therefore, in order to demonstrate entitlement to TTD benefits and wage loss benefits for these respective periods, it was the responsibility of the claimant to prove, by competent and substantial evidence, that she had made a good faith effort during those times to obtain work commensurate with her post-accident abilities. Tallahassee Coca Cola Bottling Company v. Parramore, 395 So.2d 275 (Fla. 1st DCA 1981). In a deposition taken on November 24, 1982, the claimant admitted that she had made no effort whatsoever to obtain employment since being terminated by the employer in March of 1982. However, at a later deposition and at the final hearing, the claimant did adduce some evidence that she had been actively seeking *1000 work. This evidence was, to say the least, of only marginal sufficiency to demonstrate that a good faith work search had been conducted, and it certainly did not meet the minimum evidentiary standards for proof of an adequate and good faith work search established by the cases of Regency Inn v. Johnson, 422 So.2d 870 (Fla. 1st DCA 1982), pet. for rev. den., 431 So.2d 989 (Fla.1983) and Conshor, Inc. v. Barnhart, 422 So.2d 946 (Fla. 1st DCA 1982). The appellant now contends that because of the insufficiency of the work search evidence the awards of TTD benefits and wage loss benefits must be reversed. We agree that the award of TTD benefits for the period from July 15, 1982 through November 24, 1982 cannot stand, since the claimant expressly admitted that she had made no attempt to find work during this period. However, we decline to review the sufficiency of the work search evidence for any period after November 24, 1982, because of the appellant’s failure to adequately develop and litigate that issue below. Here, as in City of Hialeah v. Cascardo, 443 So.2d 448 (Fla. 1st DCA 1984) and Chain Store Warehouses v. Picard, 431 So.2d 685 (Fla. 1st DCA 1983), the issue of the sufficiency of the work search evidence has not been preserved for review. Accordingly, we modify the order to delete the award of TTD benefits for the period from July 15, 1982 through November 24, 1982, and affirm the order as modified.
ERVIN, C.J., and BOOTH, J., concur.