466 So.2d 369 (1985)
CITRUS CENTRAL, INC., and Professional Administrators, Inc., Appellants,
v.
Robert Gardner, Appellee.
No. AZ-313.
District Court of Appeal of Florida, First District.
March 12, 1985.
Rehearing Denied April 26, 1985.
*370 John E. McLain, III of Cooper, Rissman & Weisberg, Orlando, for appellants.
Sherry L. Davis of Meyers & Mooney, Orlando, for appellee.
JOANOS, Judge.
Employer and carrier appeal from a workers' compensation order in which the deputy commissioner found that Gardner suffered a compensable injury, awarded temporary total disability (TTD) benefits from the date of accident, continuing so long as he remains temporarily disabled, excused the untimely filing of medical reports by Dr. Chutinan, who was not authorized, and awarded attorney's fees, costs and interest. We agree that Gardner's injury is compensable and have found no error in the deputy commissioner's excusal of the untimely filing of Dr. Chutinan's medical reports or in the award of attorney's fees, costs and interest. We have determined, however, that the award of TTD benefits is not supported by competent, substantial evidence and must be reversed.
Gardner worked as a forklift operator at Citrus Central (Citrus), a sheetmetal fabricator. From one to two times per week to three times per month, he was required to relieve production line workers who banded the finished product. On 12 September 1983, Gardner went to work at 3:00 p.m. and had to work relief. About 5:00 p.m. he called his wife, telling her that he didn't feel well. Gardner, again, called his wife at 7:00 p.m. By 10 p.m., he experienced sharp pains while banding the sheetmetal. Gardner left work, went to the emergency room where he was seen by Dr. Chutinan, and was admitted to the cardiac care unit. Dr. Chutinan felt Gardner had suffered a coronary artery spasm, related to the stressful situation of relieving the production line workers. Dr. Greenberg, a cardiologist in consultation with Dr. Chutinan, ruled out a heart attack or coronary artery spasm and concluded that Gardner had suffered musculoskeletal chest pain. Dr. *371 Greenberg had no opinion as to a causal relationship between Gardner's pain and employment since no employment history was taken. Gardner remained hospitalized until 24 September 1983 and was seen last by Dr. Chutinan on 2 December 1983, when he was released to light duty work, beginning 12 December 1983, for a trial period of two weeks. Dr. Chutinan informed Citrus of Gardner's limitations, but his reports were not timely submitted and he was not authorized. Following the incident Gardner received disability payments under a group insurance package with Citrus. He was aware that the disability insurance excluded workers' compensation claims. When Gardner returned to Citrus seeking light duty work, Citrus refused under its requirement of a full release to work when general health policy claims were involved. In workers' compensation cases, light duty work would be allowed if it was available. In January, 1984, Gardner filed a union grievance due to Citrus's failure to give him light duty work, then filed a claim for workers' compensation benefits.
The deputy commissioner relied upon Dr. Chutinan's deposition testimony to find that Gardner had suffered a coronary artery spasm while engaged in non-routine duties, awarded TTD benefits from the date of accident to the date of the hearing, based upon the impasse created by Citrus's refusal to give Gardner light duty work, and excused timely submission of the medical reports due to the emergency nature of the situation.
The deputy commissioner's finding that Gardner suffered a coronary artery spasm while engaged in non-routine duties suggests a use of the test pronounced in Victor Wine & Liquor, Inc. v. Beasley, 141 So.2d 581 (Fla. 1962), that the claimant be subject to unusual strain or over-exertion not routine to his work before the heart attack may be found compensable. Since Gardner suffered a coronary artery spasm, not a heart attack, there is no requirement of non-routine physical exertion. There is also no requirement it be shown that Gardner's injury was "preceded by some incident, such as a slip, fall or blow." Victor Wine, at 588. Competent, substantial evidence in Dr. Chutinan's testimony supports the deputy commissioner's finding that Gardner suffered a compensable injury.
An award of TTD benefits may be made only when there is medical evidence of a claimant's inability to work or, absent such evidence, a good faith work search. Tropicana Products, Inc. v. Andrews, 461 So.2d 998 (Fla. 1st DCA 1984). There is neither in the record. While there may have been an impasse created by Citrus's refusal to give Gardner work without a full release, that is not sufficient basis for a TTD award. The record reflects that Gardner and Citrus proceeded under the mistaken impression that the injury was a heart attack, covered by general health insurance, but noncompensable under workers' compensation. This confusion does not relieve Gardner of his burden to produce medical evidence of his inability to work or to show a good faith work search.
Section 440.13(2), Florida Statutes, requires the deputy commissioner to make a finding of good cause in excusing the failure to file timely medical reports. The deputy commissioner, while not using the words "good cause," excused Dr. Chutinan's failure to file timely reports, based upon the emergency nature of the situation, Citrus's knowledge of Gardner's injury and treatment, and Citrus's position that Gardner had not suffered an industrial accident. This is sufficient good cause to excuse the untimely reports. We again recognize the mutual misunderstanding as to the true nature of the injury and its proper handling under workers' compensation, but this should not allow Citrus to escape its liability, while penalizing Gardner for seeking medical help through the channels both he and Citrus thought appropriate at the time.
The deputy commissioner properly awarded attorney's fees, costs and interest, given the finding of compensability on a controverted claim. Section 440.34(3), Florida Statutes.
*372 Accordingly, that portion of the order awarding the TTD benefits after Gardner's release to light duty work is reversed and the remainder of the order is affirmed.
MILLS and BARFIELD, JJ., concur.