McCORD, GUYTE P., Jr. (Ret.), Associate Judge.
Citrus County Human Services and Mission Insurance Company (E/C) appeal from an order of the deputy commissioner finding that claimant Cross had suffered a compensable injury to her back and was entitled to TTD benefits from 12 June 1984 to 14 February 1985. We affirm in part, reverse in part and remand with directions.
Upon examination of the record on appeal, we find that competent, substantial
*875 evidence supports the deputy’s finding that Cross suffered a compensable injury under the “prolonged exposure” theory as set forth in Festa v. Teleflex, Inc., 382 So.2d 122 (Fla. 1st DCA 1980). However, the deputy failed to specifically rule on the E/C’s notice defense. Therefore, we reverse the order appealed from and remand for a ruling on that defense. Certified Grocers v. Hagen, 457 So.2d 576 (Fla. 1st DCA 1984).
The deputy also erred in his award of TTD benefits for the period stated in the order. An award of TTD benefits may ordinarily be made only when there is medical evidence of a claimant’s inability to work or, absent such evidence, a good faith work search. Citrus Central, Inc. v. Gardner, 466 So.2d 369 (Fla. 1st DCA 1985); Tropicana Products, Inc. v. Andrews, 461 So.2d 998 (Fla. 1st DCA 1984). Cross concedes that she made no work search, but contends that the award is justified by medical testimony that she could not work. This contention is not supported by the record, which indicates that she was released to work by her treating physician on 12 June 1984. Medical testimony at the hearing indicated only that she could not continue performing her usual work. There was no testimony that she could not work at all. Therefore, because Cross made no work search and no medical testimony supports an inability to work, the award of TTD for the period set forth in the order was erroneous.
Affirmed in part, reversed in part and remanded.
ERVIN and WIGGINTON, JJ., concur.