492 So.2d 1143 (1986)
MT. SINAI MEDICAL CENTER, Appellant,
v.
Robert JACOBS, Appellee.
No. BK-415.
District Court of Appeal of Florida, First District.
August 11, 1986.
John F. McMath, Miami, for appellant.
Edward Schroll, Miami, for appellee.
THOMPSON, Judge.
The self-insured employer appeals the deputy commissioner's order finding claimant's cervical spine injury to be causally related to his industrial accident, and awarding temporary total disability (TTD) benefits from August 20, 1983 and thereafter. We affirm the finding that the cervical condition is compensable, but reverse the award of TTD benefits.
Claimant was injured April 13, 1981, and he was released to return to light work approximately one year later. In September 1982 claimant underwent a cervical myelogram because of his continuing complaints of neck pain. Surgery was discussed, but claimant preferred to pursue conservative treatment. He was again released to return to light work, but continued to experience neck pain upon returning. In January 1983 he was taken off light duty and placed back on full duty. In August 1983 claimant's job evaluation reflected that although he was a good worker, his physical disabilities prevented him from functioning as before. In September 1983 claimant's employment was terminated for reasons unrelated to his injuries. Claimant testified that he has not looked for work because he is incapable of working.
TTD benefits may be awarded only when there is medical evidence of a claimant's inability to work or, absent such evidence, a showing that claimant conducted a good faith work search. Citrus Central, *1144 Inc. v. Gardner, 466 So.2d 369 (Fla. 1st DCA 1985). All of the medical evidence in the instant case indicated that claimant was able to do light work. Claimant conceded that he conducted no job search, and his testimony that he is unable to work is insufficient to establish that he is totally disabled. Cardinal Industries, Inc. v. Dawkins, 392 So.2d 368 (Fla. 1st DCA 1981). In the absence of medical evidence of inability to work the claimant must make a conscientious attempt to return to work before he can establish that he is totally unable to do so. Commercial Carrier Corp. v. Bennett, 396 So.2d 847 (Fla. 1st DCA 1981).
The award of TTD benefits is reversed. In all other respects the order of the deputy commissioner is affirmed.
ERVIN and SHIVERS, JJ., concur.