JOANOS, Judge.
In this workers’ compensation appeal, the employer and carrier seek reversal of the deputy commissioner’s order awarding benefits pursuant to section 440.16, Florida Statutes (1983), in connection with the death of Frank Tiralosi on October 2, 1984. The deputy commissioner’s order is supported by competent substantial evidence and is affirmed. Citrus Central, Inc. v. Gardner, 466 So.2d 369 (Fla. 1st DCA 1985).
Because of the circumstances surrounding the issue of appellate attorney’s fees in this case, we address this point briefly. Appellee has petitioned this court for an award of an appellate attorney’s fee, pursuant to section 440.34(5), Florida Statutes (1983). In support of this petition, appellee has provided an itemized statement which reflects that her attorneys expended 52 hours in preparation of this appeal.
The employer and carrier have filed an objection to appellee’s motion. According to employer and carrier, their attorneys expended only 16.6 hours in preparation of this appeal. In support of their objection to appellee’s petition, employer and carrier have filed an affidavit which represents that $2,500 is a reasonable fee for the services of appellee’s attorney.
Appellee’s motion for an appellate attorney’s fee is granted. However, because of the dispute surrounding the question of what a reasonable fee should be, the matter is remanded to the deputy commissioner for the assessment of the amount of the appellate fee, in accordance with Sierra v. Sierra, 505 So.2d 432 (Fla.1987).
The deputy commissioner’s order is affirmed, and the cause is remanded for a determination of the amount of appellate *99 attorney’s fee due for services rendered by appellee’s counsel in connection with this appeal.
BOOTH, Chief Judge, and NIMMONS, J., concur.