MILLS, J.,
concurring in part and dissenting in part:
I concur in the majority’s affirmance of Cast Crete’s responsibility for any benefits due the claimant, and in the reversal of the attorney’s fee award, as the transcript of the hearing indicates an intention to address that issue in a separate proceeding.
However, I would reverse the award of temporary total disability benefits as unsupported by competent substantial medical evidence of inability to work. In order to be entitled to TTD benefits, the burden is on the claimant to show lack of capacity to work. A claimant who fails to produce medical evidence that he was unable to work and who does not test his ability to work by an adequate work search has failed to meet this burden. Mt. Sinai Medical Center v. Jacobs, 492 So.2d 1143 (Fla. 1st DCA 1986). Claimant admits that he performed no work search during the period of the instant award.
There is no medical testimony that claimant was TTD during that period, rather claimant relies on two computer-generated insurance claim forms indicating total disability from the date of the accident, 11 February 1984, and continuing. It should first be noted that claimant was working full time at his regular duties for eight months of the period of total disability indicated on these forms, namely, 26 February 1984 through 21 October 1984. It would be error to award TTD for periods a claimant is working. Munroe Regional Medical Center v. Ricker, 489 So.2d 785 (Fla. 1st DCA 1986). Further, the second form indicates continuing total disability after the date which medical testimony established as that of maximum medical improvement.
These circumstances persuade me that these forms were not reflective of the doctor’s actual opinion as to the state of claimant’s disability, and therefore that there was no competent medical evidence of dis *757 ability to support the award for the period in question. I would reverse on this issue.