512 So.2d 243 (1987)
SOUTHERN BELL TELEPHONE & TELEGRAPH CO., Self-Insured, Appellant,
v.
Vivian WILLIAMS, Appellee.
No. BK-491.
District Court of Appeal of Florida, First District.
August 18, 1987.
Rehearing Denied September 22, 1987.
*244 Beth J. Leahy, of Walton, Lantaff, Schroeder & Carson, Miami, for appellant.
Renee R. Pelzman, of Levine, Busch, Schnepper & Stein, P.A., Miami, for appellee.
MILLS, Judge.
Southern Bell Telephone & Telegraph Co., self-insured, appeals from an order of the deputy commissioner awarding temporary total disability benefits, finding that claimant Williams had sustained a permanent impairment and was permanently, totally disabled, awarding payment of unauthorized medical bills on the basis of emergency, and awarding penalties based on the E/C's failure to file a timely notice to controvert. We find no error in the finding that Williams sustained a permanent impairment or in the deputy's award of medical bills and penalties and affirm on these issues. However, the award of TTD benefits and the finding that Williams was PTD must be reversed.
Williams sustained an injury to her back in October 1983 when the elevator in which she was riding fell approximately two floors. She was at the time of the injury four months pregnant. On 30 December 1983, it was the testimony of her treating physician, Dr. Steiner, that he told Williams to try and return to work, but that she was very resistant to the idea. At the same time, he informed the E/C that she could go back and the E/C contacted her regarding her return. On 10 January 1984, Steiner testified that he once again told her to return to work. He established MMI at 10 January 1984 with no disability and no restrictions. It was Williams' position at the hearing that, although the employer told her that Steiner had released her to work, he never personally informed her that she could return.
Williams was delivered of her baby on 19 March 1984 and was placed on paid maternity leave by the E/C until 28 April 1984. On 6 April 1984, she was seen by another orthopedic surgeon, Dr. Cooper. After a normal exam, Cooper found that Williams had suffered no permanent impairment and had no restrictions. It was his testimony that he told Williams she could go back to work, but that once again she was resistant *245 to the idea. It was Williams' claim that no physician personally told her to return to work until December 1984.
In October 1984, she was hospitalized on an emergency basis in Georgia; on 16 October, her treating physician, Dr. Renn, told her that she should not work. He released her to work in December 1984. Williams concedes that she performed no work search after her injury until this December 1984 release. Her only work search thereafter lasted only five weeks, until the first hearing on her claim for benefits, and consisted of calling about jobs listed in newspaper ads and occasionally walking through malls looking for help wanted signs.
After nine hearings spanning ten months, the deputy awarded TTD benefits from 28 April 1984 (the end of her paid maternity leave) to 7 January 1985, the date established by one physician as MMI. Based on her good faith work search (a more extensive search was held futile given her physical condition), he found Williams PTD as of MMI.
An award of TTD benefits may ordinarily be made only when there is medical evidence of a claimant's inability to work or, absent such evidence, a good faith work search. Citrus County Human Services v. Cross, 485 So.2d 874 (Fla. 1st DCA 1986). In this case, there was absolutely no medical evidence of inability to work for the period between Williams' release on 10 January 1984 without impairment or restrictions and Dr. Renn's opinion of 16 October 1984 that she was unable to work. Although Dr. Renn did not testify, there was no indication in the record that his opinion was retrospective to the former date.
Where a claimant presents no medical evidence that he was unable to return to work during the period in question due to his injuries, the claimant is precluded from an award of TTD without making a conscientious effort to return to work. Seibert v. Pierce, Poole & Kent Co., 478 So.2d 500, 501 (Fla. 1st DCA 1985). Here, Williams concedes that she made no work search during the period of the award, but argues that it is excused because she was never personally told by a doctor that she could return.
At first blush, this issue seems to be simply one of credibility  the deputy believed Williams' testimony that she had never been personally told to return to work, rather than that of her physicians that she had been so informed. However, the cases on this issue do not require that a claimant be personally informed by his physician that he can return to work. See Bradley Construction v. White, 457 So.2d 547 (Fla. 1st DCA 1984) (TTD cannot be denied when evidence fails to establish claimant informed he was capable of work nor that he knew or should have known that he was released); LaCroix Construction Co. v. Bush, 471 So.2d 134 (Fla. 1st DCA 1985) (no denial of TTD where doctor never told claimant he was able to return nor was there any evidence that claimant should have known that he could return).
Here, Williams concedes that she was informed by her employer that the doctor had released her to return to work on 10 January 1984. Because there was no medical evidence of inability to work and Williams concedes that she made no work search, and in the presence of evidence that she knew or should have known she was released to return to work, the award of TTD is reversed for the only period challenged by the E/C, 10 January 1984 to 16 October 1984.
The award of PTD must be reversed based on the lack of competent evidence that Williams was unable to do even light work uninterruptedly. There was no medical evidence of incapacity to do light work. Even the most favorable medical testimony indicated that Williams could work within restrictions. Neither was there any evidence of such severe disability as to excuse a work search. Therefore, it was incumbent upon Williams to show a good faith work search. See H.S. Camp & Sons v. Flynn, 450 So.2d 577 (Fla. 1st DCA 1984).
In Southland Corp. v. Hunt, 465 So.2d 1329 (Fla. 1st DCA 1985), the medical evidence did not show an incapacity to perform light work, and the claimant's three-month *246 job search was held "a far cry from that which this court found relevant and significant in affirming PTD in H.S. Camp & Sons v. Flynn (involving a `lengthy and exhaustive search, completely unsuccessful throughout the three years since injury ...')." The court reversed, finding that "the claimant's work search ... did not permit `a conclusion that continued search is futile until changed conditions can be shown'" Southland at 1329-30 (citations omitted).
Here, Williams conducted only a five-week work search, from December 1984 to February 1985. The majority of her search was over the phone, utilizing newspaper ads, with occasional forays to the malls looking for help wanted signs. She included no dates on her lists and could recall none. This search is insufficient to support a finding that Williams was unable to do even light work uninterruptedly and the finding of PTD must be reversed.
BARFIELD, J., concurs with written opinion.
WENTWORTH, J., dissents and concurs in part in conclusion only with written opinion.
BARFIELD, Judge, concurring:
I concur in the result only as I cannot concur in the statement that "We find no error in the finding that Williams sustained a permanent impairment... ." The statement, without explanation, suggests an endorsement of the deputy commissioner's order which I would hold in part is not supported by competent substantial evidence in the record as to the degree of impairment.
WENTWORTH, Judge, dissenting, and concurring in part in conclusion only.
I agree only with the majority's conclusion reversing the award of PTD benefits, as premature on this record. The opinion otherwise appears to me to oversimplify both the cited precedent and the complex and conflicting evidence before the deputy, to the extent that the majority concludes contrary to the deputy's resolution of the issues.