WENTWORTH, Judge.
This is an appeal from a workers’ compensation order dated November 14, 1986, awarding temporary partial disability benefits from June 12, 1985, penalties, interest and medical care. Appellants, the employer/servicing agent, contend the award of compensation and the assessment of the penalty and interest are not supported by competent, substantial evidence. They also argue that the deputy commissioner erred in retaining jurisdiction to determine a reasonable attorney’s fee after appellee reaches maximum medical improvement. We find no merit in these contentions for reasons stated below. Appellee cross-appeals, arguing that the deputy commissioner erred in determining that his claim for temporary partial disability benefits from August 20, 1983 to June 12, 1985 was barred. Although appellee’s claim for those benefits was presented alternatively at the prior hearing, his entitlement was not determined by the deputy or by this court upon appeal of the prior order, because the award of temporary total disability benefits mooted the alternative claim for the same time periods. The claim was therefore not barred upon remand, and we accordingly reverse as to the cross appeal and affirm on the appeal.
Appellee injured his back and neck in a compensable accident on April 13, 1981. He reached maximum medical improvement as to the back injury on April 12,1982 with a residual 12% permanent physical impairment of the body as a whole. He has not yet reached maximum medical improvement for the injury to his neck. Appellee returned to work on light duty status until August 19,1983, when his employment was terminated. He filed a claim for temporary total and/or temporary partial disability benefits from August 20, 1983 and continuing, and medical care. The deputy commissioner found appellee’s neck injury to be causally related to his 1981 industrial accident and awarded temporary total disability from August 20, 1983 and continuing. This court in Mt. Sinai Medical Center v. Jacobs, 492 So.2d 1143 (Fla. 1st DCA 1986), affirmed the determination of a causal relationship between the 1981 accident and the neck injury, but reversed the award of temporary total disability benefits, finding that medical evidence showed appellee could perform light work, but had conducted no job search to establish he was unable to return to work. Following reversal of that award, appellee filed a second claim[1] for benefits, again requesting temporary partial disability benefits from August 20, 1983 and continuing, as well as penalties, interest and medical care. The deputy commissioner denied the claim on the grounds that the opinion of this court was res judicata on the issue of a good faith work search prior to June 12, 1985, the date of the hearing, and that an award of temporary partial disability benefits prior to that date was barred since the claim was ripe for adjudication at the prior hearing. The deputy commissioner awarded temporary partial disability benefits from June 12,1985 and continuing, finding that subse *169 quent to June 12, 1985 appellee had conducted an adequate job search, and that although appellee had not kept records of his work search, the absence of records was excused by the employer/servicing agent’s failure to advise appellee until October 8, 1986 to keep such records.
We find that appellee’s original alternative claim for temporary partial disability benefits from August 20, 1983 was clearly mooted by the deputy’s initial award of temporary total disability benefits for the same period. This court, in the appeal of that order, did not determine or address entitlement to those benefits in reversing the award of temporary total disability benefits for the same time period. The claim for temporary partial disability benefits was therefore not adjudicated. Although the prior opinion of this court did finally determine insufficiency of evidence as to appellee’s good faith work search prior to June 12, 1985, that determination did not preclude substantiation of the claim on remand by evidence of the employer/servicing agent’s failure to advise him until October 8, 1986 to keep work search records.
We reverse and remand to the deputy commissioner for a determination on the merits of the claim for temporary partial disability benefits from August 20, 1983 to June 12, 1985.
MILLS and BARFIELD, JJ., concur.

. Because this court’s remand did not preclude further consideration of the original alternative claim, and because of claimant’s timely pursuit of the issue before the deputy, it is immaterial in the circumstances of this case that the new claim might more properly have been designated an application for hearing on remand of the initial claim.