538 So.2d 471 (1989)
AREA ELECTRIC SERVICE, INC. and Feisco Claims, Appellants,
v.
John Cunningham, Appellee.
No. 87-2000.
District Court of Appeal of Florida, First District.
January 6, 1989.
Rehearing Denied March 8, 1989.
*472 L.C. Shepard, Jr., of Adams, Coogler, Watson & Merkel, P.A., West Palm Beach, and Debra Levy Neimark, of Neimark & Neimark, Coral Springs, for appellants.
Roy W. Jordan, Jr., of Jordan & Stinson, P.A., West Palm Beach, for appellee.
SHIVERS, Judge.
The employer/carrier (E/C) in this workers' compensation case appeal an order awarding the appellee/claimant future medical treatment and temporary total disability (TTD) benefits, raising several arguments. We find ample competent substantial evidence in the record to support the deputy commissioner's (DC's) conclusions that the claimant suffered an accident while working for the E/C in January of 1987, and that the claimant sustained injuries to his wrists as a result of that accident. However, we agree with the E/C that there is insufficient evidence to support the DC's award of TTD benefits from February 11, 1987 (date of accident) through October 13, 1987 (hearing date), and remand for further evidence on that point.
TTD benefits may ordinarily be awarded only where there is medical evidence of a claimant's inability to work or, alternatively, evidence of a good faith work search. Southern Bell Telephone & Telegraph Co. v. Williams, 512 So.2d 243 (Fla. 1st DCA 1987); Citrus County Human Services v. Cross, 485 So.2d 874 (Fla. 1st DCA 1986). The medical evidence presented in this case established only that the claimant was told by his treating physician (Dr. Penner) not to work between the dates of February 20, 1987 and March 2, 1987, and that an independent examining physician (Dr. Dolce) found claimant to be totally disabled on July 10, 1987  the only date Dolce examined the claimant. The record is inconclusive that the claimant was TTD at the beginning and throughout the period awarded by the DC. Although there is some evidence in the record that the claimant conducted a job search in connection with a wage-loss claim against a former employer, no job search forms were admitted into evidence at the hearing in the instant case, the record does not indicate when the search was conducted or how many prospective employers were contacted, nor did the DC make a finding regarding the adequacy or inadequacy of a job search. We recognize that the nature of the claimant's condition (carpal tunnel syndrome in both wrists) is not such that his disability would be likely to "come and go" and, therefore, that the claimant may very well have been TTD before, after, and/or between the dates that his two physicians found him to be disabled. Since the evidence in the record does not support such a finding, however, we reverse the award of TTD and remand for the DC to hear more evidence on that issue.
We affirm the DC's decision not to allow the E/C to raise a defense based on Martin Co. v. Carpenter, 132 So.2d 400 (Fla. 1961) at the October 13, 1987 hearing. The record indicates that the E/C did not raise the defense at the September 30, 1987 pretrial conference, but instead waited until two working days prior to the hearing (during one of which claimant's counsel was involved in another trial) to advise claimant's counsel of his intention to raise the defense. The E/C have failed to establish on appeal that the DC erred in finding *473 the late raising of the defense to be prejudicial to the claimant.
The DC's award of TTD benefits is hereby reversed and remanded for further proceedings.
BOOTH and THOMPSON, JJ., concur.