SHIVERS, Chief Judge.
•The employer/carrier appeal a workers’ compensation order awarding temporary total disability (TTD) benefits from April 1, 1988, through January 19, 1989. We reverse.
In order to be entitled to TTD benefits the claimant in a workers’ compensation case bears the burden of showing a *500 lack of capacity to work by either: (1) producing medical evidence that he was unable to work, or (2) testing his ability to work by way of an adequate job search. Area Electric Service, Inc. v. Cunningham, 538 So.2d 471 (Fla. 1st DCA 1989); Southern Bell Telephone & Telegraph Co. v. Williams, 512 So.2d 243 (Fla. 1st DCA 1987); Mt. Sinai Medical Center v. Jacobs, 492 So.2d 1143 (Fla. 1st DCA 1986); Fair-Way Restaurant v. Fair, 425 So.2d 115 (Fla. 1st DCA 1982).
In the instant case, the claimant specifically testified at the hearing that he had not looked for work during the period for which benefits were claimed. Further, there was no medical evidence presented that claimant was unable to work after April 1, 1988. To the contrary, Dr. Stone testified in his post-hearing deposition that claimant was able to return to light duty work at least as of March 23, 1987. Dr. Stone’s deposition testimony that claimant could work as of March 23, 1987 is contradicted by his written medical report dated March 24, 1987, which states as follows:
The patient was again advised that he will need vocational rehabilitation. As he has not seen a physical therapist recently so that restrictions could be established, I cannot release him to job search as I cannot determine what level of work he would be able to perform at this time....
In his written report dated December 1, 1987, however, Dr. Stone stated: “Patient will be released to work with restrictions as soon as I have a functional capacities form. Otherwise may do sedentary work.” Likewise, Stone’s reports dated January 12, 1988, February 22,1988, April 4, 1988, May 17, 1988, June 27, 1988, July 29, 1988, September 20, 1988, and November 4, 1988 all contain the statement that claimant is to “continue work at sedentary level.” Each of these comments appears under a section of the report entitled “Advise.” Of particular significance is the May 17, 1988 report, which contains the following statement:
Continue work sedentary level. Continue therapy. As patient feels poorly and depressed I will cut back on the muscle relaxants and only continue Zantac and Nalfon. He indicated his understanding. Return for follow-up in six weeks.
There is nothing in the record to support the judge’s conclusion that claimant may have been lulled into believing “that he was again TTD from a legal standpoint” by the prior judge’s order. Even assuming ar-guendo that there was evidence to support a finding that claimant was misled by the March 23, 1988 order, it appears from Dr. Stone’s records that claimant was informed on at least eight visits between January and November of 1988 that he could perform sedentary work.
There is no evidence in the record to support the judge’s conclusion that the E/C “apparently did not forward a wage-loss letter to the claimant after 4/1/88.” In any event, Dr. Stone’s January-November 1988 records would negate the judge’s conclusion that claimant was not advised that he could return to work. See Southern Bell, 512 So.2d 243 (Fla. 1st DCA 1987), holding that case law does not require a claimant to be personally informed that he can return to work, but only that the claimant knew or should have known that he was released for work. See also Bradley Construction v. White, 457 So,2d 547 (Fla. 1st DCA 1984).
REVERSED.
BOOTH and WOLF, JJ., concur.