BENTON, Judge.
Finding that Thelma Teneyck, a claimant for workers’ compensation benefits, had been prejudiced by an asserted discovery violation, the judge of compensation claims refused to permit appellants to introduce evidence to prove their intended defense under Martin v. Carpenter, 132 So.2d 400 (Fla.1961). We conclude that no discovery violation justified excluding evidence in support of this defense. We reverse and remand to afford appellants an opportunity to present their defense.
By letters dated July 19, August 6, and August 20, 1993, Crawford & Company apprised the judge of compensation claims and Ms. Teneyck of its intention to raise a defense under Martin v. Carpenter, where it was decided that
a false representation as to physical condition or health made by an employee in procuring employment will preclude the benefits of the Workmen’s Compensation Act for an otherwise compensable injury if there is shown to be a causal relationship between the injury and the false representation and if it is also shown that (1) the employee knew the representation to be false, (2) the employer relied upon the false representation and (3) such reliance resulted in consequent injury to the employer.
132 So.2d at 406. No objection was raised at any time prior to hearing to treating the parties’ correspondence as amendments to the December 7, 1992, pretrial stipulation. At no time was the prehearing stipulation adopted by or incorporated in any order.
On August 16,1993, Ms. Teneyck’s counsel requested production of a “COPY OF PRE-EMPLOYMENT/EMPLOYMENT APPLICATION WINN DIXIE ... on or before September 20, 1993, at the office of [claimant’s counsel.]” Appellants responded the same day:
[T]he employer/servicing agent objects to the production of documents at the claimant [sic] attorney’s office. However, the employer/servicing agent agrees to produce the documents not specifically objected to below at a time and place mutually agreeable to both parties. Second, the employer/servicing agent objects to production of all privileged documents, including but not limited to documents covered by the attorney client privilege and work product privilege. Finally, the employer/servicing agent specifically responds to each request as follows:
*1350 1. The employer/servicing agent agrees to produce a copy of the pre-employment/employment application with Winn Dixie.
At final hearing on October 13, 1993, appellants produced the employment application for the first time, when they offered it into evidence.
The judge of compensation claims refused to accept the application or to allow testimony that would have established its contents. The final order entered after the hearing had concluded stated:
Insofar as the defense of Martin v. Carpenter is concerned, this is denied, and I am not allowing evidence on this issue. The Employer/Carrier asserted that defense by way of a letter on August 20, 1993. The Claimant’s attorney filed a Request to Produce immediately thereafter requesting a copy of the pre-employment application from the Employer herein. This information was never provided to the Claimant prior to the hearing. This was in spite of several requests by Claimant’s attorney for these documents. Terry Van Ness, the insurance coordinator for the Employer herein, testified that she provided the carrier, Crawford and Company, with the pre-employment application on March 19, 1992. Thus, this information was available to the Employer/Carrier some nineteen (19) months prior to the hearing, and the application was not produced until the time of the hearing. Based on that information [and the late notice of raising this defense after the signed pretrial stipulation and just prior to the hearing,] [1] I find that the Claimant was prejudiced by the failure to produce same, and that this application and other matters pertaining to the Martin v. Carpenter defense will not be allowed into evidence. See also Area Electric Service, Inc. v. Cunningham, 538 So.2d 471 (Fla. 1st DCA 1989).
(Brackets supplied.) At the hearing, as a condition for admitting the application into evidence, the judge of compensation claims had required only that appellants “do something to convince me that all appropriate affirmative action was taken to supply both sides with the [employment application.]”
Appellants’ counsel offered testimony intended to show that the employer had been unable to locate the document until shortly before the hearing. Unsatisfied with this showing, the judge of compensation claims excluded the employment application, as well as testimony based on the application. As a result, appellants were unable to put on key evidence relevant to the Martin v. Carpenter defense, and the claimant prevailed.
The parties to a workers’ compensation proceeding are “subject to discovery procedures dealing with the production of records and other tangible things.” Fla.R.Work. Comp.P. 4.090(b). The servicing agent’s timely objection in response to the claimant’s request for production fully complied with Florida Rule of Civil Procedure 1.350(b), which provides:
*1351 the response shall state that inspection and related activities will be permitted as requested unless the request is objected to, in which event the reasons for the objection shall be stated.
Optimally, a dispute of this kind would have been resolved by agreement long before hearing. That failing, the procedure for testing the sufficiency of an objection is clear. “The party submitting the request may move for an order under rule 1.380 concerning any objection, failure to respond to the request, or any part of it, or failure to permit inspection as requested.” Fla.R.Civ.P. 1.350(b).
By not filing a motion to compel, Ms. Teneyck failed to follow the procedures outlined in the rules. See generally Stephens v. Southern Furniture Transports, Inc., 420 So.2d 904 (Fla. 1st DCA 1982); Raulerson v. Finney, 280 So.2d 484 (Fla. 3d DCA 1973). The servicing agent’s objection, even if picayune,[2] did not justify what amounted to the striking of appellants’ defense, particularly in view of the fact that the servicing agent explicitly agreed to produce the application, although at a different, mutually agreeable location. Cf. Evangelos v. Dachiel, 553 So.2d 245 (Fla. 3d DCA 1989) (finding that striking the defendant’s answer and entering a default judgment was not justified in light of the plaintiffs unreasonable request for production).
Ms. Teneyck never took the necessary procedural steps to secure production of a document she was never refused. The ruling of the judge of compensation claims overlooks the fact that she never filed a motion to compel production. Ms. Teneyck’s failure to avail herself of this remedy prior to the merits hearing accounted for any surprise she may have experienced when the employment application was produced at the hearing. The principal purpose of discovery sanctions is to assure compliance with the rules in order to facilitate full adjudication, not to hinder it. See Metropolitan Dade County v. Bermudez, 648 So.2d 197, 199 (Fla. 1st DCA 1994).
Reversed and remanded.
ALLEN and LAWRENCE, JJ., concur.

. The final order was drafted by Ms. Teneyck's counsel. The bracketed portion is at odds with the judge's ruling on the record at the merits hearing. When the hearing began, the judge of compensation claims indicated that he had received several amendments to the pretrial stipulation submitted in letter form by both parties. (Ms. Teneyck amended her claim for benefits subsequent, although not in response, to appellants’ assertion of the misrepresentation defense.) No objection was raised to any amendment.
Later in the hearing, when appellants produced and attempted to introduce Ms. Teneyck's employment application, her counsel did object to amendment of the pretrial stipulation to include the Martin v. Carpenter defense, while objecting "even more strenuously” to the introduction into evidence of the employment application on grounds that appellants had not previously produced the document. The judge then unequivocally ruled that “Martin v. Carpenter remains a defense.”
Unlike the claimant in Area Electric Service, Inc. v. Cunningham, Ms. Tenecyk was notified of the defense some three months in advance of the final hearing. In Cunningham, the employer and the carrier were not permitted to raise a Martin v. Carpenter defense at the final hearing because it had not been asserted at the pre-trial conference just one month earlier and claimant's counsel had received notice of the defense only two days before the final hearing.
At no point prior to the entry of the written final order did the judge of compensation claims indicate, directly or indirectly, that appellants' defense would be disallowed as untimely. The ruling at the hearing was to the contrary.

. In making her request for production, Ms. Ten-eyck insisted on production at a place unauthorized by the rule. The rule requires only that "the producing party shall either produce [the document] as [it is] kept in the usual course of business or shall identify [it] to correspond with the categories in the request.” Fla.R.Civ.P. 1.350(b).