658 So.2d 1212 (1995)
UNITED STATES FIDELITY AND GUARANTY ASSOCIATION and Mark Dunning Industries, Appellants,
v.
Hal KEMP, Appellee.
No. 94-3858.
District Court of Appeal of Florida, First District.
August 15, 1995.
Jana M. Black of McConnaughhay, Roland, Maida & Cherr, P.A., Tallahassee, for appellants.
Barry Silber of Myrick, Silber & Davis, P.A., Pensacola, for appellee.
*1213 DAVIS, Judge.
Mark Dunning Industries and United States Fidelity and Guaranty Association (employer and carrier respectively) appeal an order awarding permanent total disability (PTD) benefits to Hal Kemp, the claimant. The Judge of Compensation Claims (JCC) held that the claimant was entitled to PTD benefits on two alternative grounds. He determined that the job the claimant now holds is both sedentary and part-time, and thus is below the standard set forth in section 440.15(1)(b), Florida Statutes (1986), requiring the claimant to "establish that he is not able uninterruptedly to do even light work due to physical limitation" in order to be eligible for PTD benefits. Alternatively, the JCC held, the job claimant holds is sheltered and therefore not a bar to PTD benefits. Although the JCC erred in his interpretation of section 440.15(1)(b), Florida Statutes (1986), competent substantial evidence supports his holding that the claimant's current position is sheltered employment. We therefore affirm.
Hal Kemp was injured while employed by Mark Dunning Industries in December 1986. There is no dispute that the injuries he sustained while moving a large waste container are compensable. Following the injury, he came under the care of doctors who placed him on light duty. The employer retained Mr. Kemp in a light duty position until April 1, 1987. As of that date, the business was sold, and the new employer fired Mr. Kemp immediately. The claimant then engaged in an unsuccessful job search. In October 1988, the claimant began working as a volunteer dispatcher in the Sheriff's Department (where his brother was employed). In March 1989, the claimant was hired to work for the Sheriff's Department as a dispatcher full time. Although the claimant has continued to hold that position and to receive his full paycheck since that date, there is competent substantial evidence in the record that he has had continual difficulty performing his job as a result of his compensable injury. His fellow employees covered for the claimant because he needed to leave work and go home sick frequently, perhaps even on a daily basis. His lack of concentration, attributable to the injury, forced his new employer to change his job duties because he was endangering both sheriff's deputies and the public.
The JCC held that the claimant had met his burden of establishing that he is incapable of performing even light work on an uninterrupted basis because the claimant is capable of only part-time sedentary work. Relying on the definitions of "sedentary" and "light" work in the United States Department of Labor's Dictionary of Occupational Titles, the JCC opined that "[t]here is no doubt that sedentary level work is more restrictive than anybody's definition of `light' work." The JCC also held that if the claimant had chosen to limit himself to part-time work he would not be entitled to PTD benefits, but that PTD benefits should be awarded when an injury compels someone to accept only part-time employment. These conclusions are incorrect. An inability to engage in any meaningful employment would support the conclusion that one is permanently totally disabled. However, an ability to work part-time contradicts the conclusion that one is totally disabled. Compare Seligman & Latz, Inc. v. Panell, 530 So.2d 1032, 1033 (Fla. 1st DCA 1988) (claimant held part-time job but there was testimony that she could only work "as tolerated," which the court concluded was sufficient evidence of inability to work uninterruptedly to sustain an award of PTD benefits) with Vista Properties of Vero v. Heumann, 516 So.2d 1032, 1033 (Fla. 1st DCA 1987) (reversing award of PTD benefits for period during which claimant held part-time, non-sheltered, non-gratuitous employment, based upon conclusion that claimant had failed to demonstrate inability to work uninterruptedly). Moreover, the ability to engage in sedentary employment satisfies the statutory prohibition in section 440.15(1)(b) (1986) against awarding PTD benefits to one who is able to perform light work. See, e.g., Roll v. Sebastian Inlet, 609 So.2d 674, 676 (Fla. 1st DCA 1992) ("Claimant did not establish an inability to perform light work *1214 uninterruptedly, as there was medical evidence, in the form of Dr. Seig's opinion, that claimant was capable of performing work in a sedentary occupation."). Cf. R.D. Brown Contractors v. Padgett, 569 So.2d 499 (Fla. 1st DCA 1990) (reversing order awarding temporary total disability benefits because claimant had failed to sustain the burden of demonstrating a lack of capacity to work where the evidence demonstrated claimant had been informed he could perform sedentary work).
Nonetheless, the JCC could correctly award PTD benefits in this case if there was competent substantial evidence to support the finding that the claimant's position at the Sheriff's Department is sheltered employment. Sheltered employment is not gainful employment which would preclude an award of PTD benefits. Arizona Chemical Corp. v. Hanlon, 605 So.2d 938, 941 (Fla. 1st DCA 1992), review denied mem., 618 So.2d 208 (Fla. 1993). Although there was evidence that the claimant has continuously received a full-time paycheck since being hired full-time, there is competent substantial evidence to support the decision of the JCC that this claimant was engaged in sheltered employment. See, e.g., Shaw v. Publix Supermarkets, Inc., 609 So.2d 683 (Fla. 1st DCA 1992) (claimant permitted to modify hours of employment as needed, as well as other accommodations); Malm v. Holiday Theatres, 560 So.2d 270 (Fla. 1st DCA 1990) (an indicium of sheltered employment was whether the claimant's job duties were the same as those of others holding the position, or whether the job had been modified to accommodate the claimant's disability); New Wales Chemicals, Inc. v. Parks, 518 So.2d 360, 363 (Fla. 1st DCA 1987); Kyle v. Davis, 435 So.2d 918 (Fla. 1st DCA 1983) (employer provided claimant with a job counting pipe, placed no deadlines or time restrictions on him, and provided a chair which was moved around the supply yard for the claimant so he could rest whenever necessary). Cf. Southern Bell Telephone and Telegraph Co. v. Bell, 167 So.2d 844, 846 (Fla. 1964) (reversing a finding of sheltered employment because the claimant was fully earning his pay and had not been "given lighter duties for the same or greater pay by a charitable employer"). Accordingly, we AFFIRM the decision awarding PTD benefits to claimant.
BARFIELD and KAHN, JJ., concur.