PER CURIAM.
The employer, School District of Escambia County, appeals an order of the judge of compensation claims (JCC) awarding permanent total disability (PTD) benefits to claimant, Dorothy Cooper. The employer contends that the JCC erred in finding Cooper permanently and totally disabled after concluding that she was capable of part-time sedentary work and in accepting the testimony of Cooper’s treating physician over that of three other physicians. We agree with the employer’s first issue and reverse and remand, but affirm the second.
Cooper was injured on November 23, 1990, by a fall in the school bus she drove for the employer and sustained a 16 percent permanent impairment to the body as a whole. Four physicians testified that she is capable of part-time sedentary work, and the JCC acknowledged that Cooper has been working in a part-time sedentary clerical position for the employer since August 1992. The JCC nevertheless concluded that Cooper is entitled to PTD benefits, because she is not capable of performing light-duty work on an uninterrupted basis. This was error.
In United States Fidelity & Guaranty Ass’n v. Kemp, 658 So.2d 1212 (Fla. 1st DCA 1995), we stated that the ability to work part-time and to perform sedentary work contradicts a conclusion that a claimant is totally disabled and precludes an award of PTD benefits. Accord Wal-Mart Stores, Inc. v. Liggon, 668 So.2d 259 (Fla. 1st DCA 1996). We therefore reverse and remand with directions for the JCC to reconsider this case in light of Kemp, decided after the JCC issued the final order at bar.
Claimant acknowledges the conflict between the JCC’s order and this court’s decisions in Kemp and Liggon, but contends that Cooper’s position constitutes sheltered employment; thus, it does not preclude the award of PTD benefits. The JCC, however, did not address this issue. Whether a position is sheltered requires a factual determination. Id. at 271. Moreover, much of the evidence on this point consisted of live testimony at the hearing rather than deposition. Hence, the JCC should determine this issue on remand. See Kemp, 658 So.2d at 1214 (and cases cited therein).
We reject the employer’s second issue, because the JCC did not rely upon the testimony of Dr. Brown over that of the other physicians, but instead merely recited the opinions of the various physicians.
AFFIRMED in part, REVERSED in part and REMANDED for further proceedings consistent with this opinion.
ERVIN and DAVIS, JJ., concur.
BENTON, J., dissents with opinion.