McCORD, GUYTE P., Jr. (Ret.), Associate Judge.
In this workers’ compensation appeal, Norris contends the deputy commissioner erred in finding that the issue of rehabilitation raised in his petition was premature at the time of the hearing based on the ground that he was presently employed. We agree and reverse.
Norris, 49 years old, has a work history in construction and hard labor. On 2 December 1982, he was involved in an industrial accident while working as a drywall carpenter for the employer. As a result of this accident, Norris was forced to undergo surgery for the removal of a disc.
On 4 April 1985, Norris filed an application for a hearing requesting, among other things, to be provided rehabilitation and rehabilitation temporary total disability benefits. In this regard, the testimony of Betty Kelly, R.N., a rehabilitation nurse with the Division of Workers’ Compensation, and George Lynn, a vocational rehabilitation counselor with HRS, was presented. Both witnesses stated that Norris would require retraining in order to secure employment in an area less physically demanding than carpentry and to regain a wage comparable to that he received under his prior earning capacity. Ms. Kelly and Mr. Lynn both recommended that Norris be enrolled in an electronics program at Seminole Community College for this purpose. Mr. Lynn further testified that Norris had already taken the admission and screening tests at the Community College and had qualified for enrollment.
Also called to testify was Mary Jean Novitsky, a licensed vocational rehabilitation counselor, who was assigned to see Norris by United States Fidelity & Guaranty, the carrier. Ms. Novitsky stated that she assisted Norris in conducting his job search and located a job for him working as a bridgetender for the Department of Transportation. It was further established that Norris started working for the Department of Transportation on 1 March 1985, earning $3.90 an hour, but that effective 30 June 1985 the bridge operations would be turned over to private corporations. It is uncertain whether Norris will be able to continue his employment after this date and, if so, at what wage level.
At the conclusion of this evidence, the deputy found as follows:
I find that the issue of rehabilitation and rehabilitation temporary total disability benefits is premature at this time as the claimant is presently unemployed.
Section 440.49(1)(a), Florida Statutes (1981) provides:
When an employee has suffered an injury covered by this Chapter and it appears that the injury will preclude the employee from earning wages equal to wages earned prior to the injury, the employee shall be entitled to prompt rehabilitation services_
The purpose of rehabilitation is to provide the claimant with “suitable gainful employment,” which is defined in Section 440.49(1)(a) as:
*66 [ejmployment which is reasonably attainable in light of the individual’s age, education, previous occupation and injury, and which offers an opportunity to restore the individual as soon as practicable and as nearly as possible to his average weekly earnings at the time of the injury.
There is no language in the statute, nor have any cases so interpreted the statute, to require that the claimant be unemployed before he is entitled to rehabilitation benefits. Indeed, this court in Walker v. New Fern Restorium, 409 So.2d 1201 (Fla. 1st DCA 1982), specifically stated:
To refuse rehabilitation benefits because of the availability of any employment, no matter how ill suited to the particular individual, would be counter to the statutorily expressed goal of rehabilitation— to return the individual to suitable gainful employment.
Moreover, as was expressed in Viking Sprinkler Company v. Thomas, 413 So.2d 816 (Fla. 1st DCA 1982):
Finding a job for an injured worker, however helpful and beneficial, cannot be equated with “training and education.” ... Among the statutory rights conferred upon the E/C is definitely not included the right to choose, in behalf of the injured claimant, the occupation to be followed by him when his own freedom of choice and ability to perform a job have been impaired as a result of an industrial accident.
Norris has in the past earned as much as $8.00 per hour and while working for the employer herein made $5.50 per hour. As a bridgetender he is earning only $3.90 per hour. Considering the low wages associated with this position and its tentative nature, we find that it is not "suitable gainful employment” within the meaning of the statute.
Accordingly, we reverse with directions to award Norris rehabilitation and temporary total disability benefits during the period of rehabilitation.
ERVIN and WIGGINTON, JJ., concur.