497 So.2d 967 (1986)
Larry TOWNE, Appellant,
v.
BATES FILE COMPANY and Wausau Insurance Company, Appellees.
No. BK-490.
District Court of Appeal of Florida, First District.
November 18, 1986.
*968 E. Douglas Spangler, Jr., Sarasota, for appellant.
W. Robert Mann, Bradenton, for appellees.
WENTWORTH, Judge.
Appellant seeks review of a workers' compensation order denying his claim for rehabilitation. He contends the deputy commissioner erred in denying the claim on grounds that appellant neither requested rehabilitation nor submitted a plan of rehabilitation for approval. We reverse.
Appellant on August 14, 1984 injured his back while employed by appellee Bates File Company when he lifted a 55-gallon drum, apparently aggravating the residuals of prior back surgery. The employer/carrier (e/c) provided medical care and temporary disability. Appellant's authorized treating physician, Dr. Alan Maurer, assigned a 25% impairment rating, placed a 30-pound restriction on lifting, and recommended that appellant receive vocational training, stating that he believed appellant would not ever again be able to perform any job involving lifting.
Appellant in April 1985 moved to Las Vegas with the intention of re-enrolling in a professional casino gambling dealer's school. He had attended the school from March to May 1984, when he completed one course and obtained a so-called "gaming card" necessary for employment as a dealer. At that time appellant had trained only in poker, and the gaming card he had obtained entitled him to deal only in poker.
At the time of his move appellant had written to the e/c's workers' compensation claims manager, providing information about the school and the employment outlook for dealers on Florida-based cruise ships. He forwarded a March 1985 letter from Dr. Maurer in which the doctor stated that he supported appellant's desire to retrain as a dealer, and that such work would be suitable for appellant's physical limitations. Appellant requested the e/c to approve the retraining program. The e/c did not reply to the request.
On June 12, 1985 appellant filed a claim for rehabilitation under section 440.49, Florida Statutes, formally requesting the e/c to provide him with training through the dealer's school in Las Vegas. In an October 1985 pretrial stipulation, the e/c claimed appellant already had received all Chapter 440 benefits to which he was entitled.
In his order, the deputy commissioner found insubstantial competent evidence to support the claim for rehabilitation, stating that appellant had not requested rehabilitation or submitted any plan of rehabilitation for approval. The record references hereinabove do not support the stated grounds for denying rehabilitation. A prior request to the Division for evaluation of a claimant's need for rehabilitation is not an indispensable condition precedent to an award of rehabilitation. Hurricane Fence Industries v. Bozeman, 413 So.2d 822 (Fla. 1st DCA 1982). In C & H Construction v. Leyman, 453 So.2d 1163, 1164 (Fla. 1st DCA 1984), the court stated that "the claimant is not precluded from obtaining services independent of the employer and the Division, but when he does so he obtains those services at the risk he will not persuade the deputy commissioner that those particular services were necessary." The court affirmed the order awarding rehabilitation, finding that the employer knew of the claimant's desire and need for rehabilitation services for six months before the hearing, but did nothing until just before the hearing date.
In this case, appellant informed the e/c in April 1985 of his desire to receive vocational training at the dealer's school. Aside from seeking information about the school, the e/c did not present alternatives or otherwise respond to the request until *969 the October 1985 pretrial stipulation. Such evidence clearly reflects a "do nothing" approach to the request for rehabilitation training, in the face of awareness of appellant's condition, his 25% permanent impairment rating, his restrictions on lifting, and Dr. Maurer's recommendation that he receive rehabilitation. We conclude that the record and findings on the evidentiary facts provide no basis for rejection of the claim.
The order is therefore reversed and the cause remanded with directions that the claim be granted.
BOOTH, C.J., and MILLS, J., concur.