SHIVERS, Judge.
In this workers’ compensation case, the employer/carrier (E/C) appeal the final order of the deputy commissioner (DC) authorizing claimant’s request for future medical care with Dr. Ross and granting claimant’s request for rehabilitation benefits. Claimant cross-appeals the DC’s calculation of claimant’s average weekly wage and the DC’s award of temporary partial disability and temporary total disability benefits. Upon review of the record below, we reverse that portion of the DC’s order awarding rehabilitation benefits and affirm the DC’s order as to the remaining points on appeal.
On August 18, 1986, claimant suffered a compensable injury when he stepped on a nail at work. Claimant developed an infection of the right big toe and subsequently *1226 developed arthritis and osteomyelitis secondary to the infection. Claimant reached maximum medical improvement on July 20, 1987, with a permanent impairment of 4% of the body as a whole based on the Ameri-can Medical Association’s Guide to Permanent Physical Impairment.
Prior to his injury, claimant worked as a carpenter for an hourly wage of $9.00 an hour. Subsequent to his injury, however, claimant was told by his doctors that a return to his trade as a carpenter was “out of the question.” Claimant personally felt that he would not be able to go back to work because he could not lift heavy weights. He testified that he had been employed as a paramedic and a fireman in the past but that he felt those occupations were “ruled out now, I can’t do that.” Claimant indicated that he would like rehabilitation assistance including vocational testing and whatever might be appropriate. However, claimant presented no testimony from a vocational consultant or medical expert regarding his request for rehabilitation.
A hearing on claimant’s claim for benefits was held before the DC on October 28, 1987. On November 23, 1987, the DC entered an order granting claimant’s request for rehabilitation benefits as follows:
I find that the claimant’s injury and resulting disability have substantially impaired his capacity to earn pre-injury wages and that he is entitled to rehabilitation benefits as requested with Jerry Adato.
Section 440.49(l)(a), Florida Statutes (1986) states as follows:
When an employee has suffered an injury covered by this chapter and it appears that the injury will preclude the employee from earning wages equal to wages earned prior to the injury, the employee shall be entitled to prompt rehabilitation services.
In the instant case, the DC’s finding that claimant’s disability has substantially impaired his capacity to earn pre-injury wages is not supported by competent substantial evidence. The instant case can be contrasted with the cases of Towne v. Bates File Co., 497 So.2d 967 (Fla. 1st DCA 1986) and Norris v. Ed Taylor Corp., 484 So.2d 64 (Fla. 1st DCA 1986). In both cases, this court found that the claimants were entitled to rehabilitation benefits. In Towne, the evidence indicated that the claimant requested a specific type of vocational rehabilitation. Additionally, this court noted that the claimant’s physician assigned the claimant a 25% impairment rating, prohibited the claimant from lifting more than 30 pounds, and recommended that the claimant receive vocational training. In Norris, the claimant presented testimony from a rehabilitation nurse and a rehabilitation counselor recommending that the claimant be retrained in order to secure employment paying wages comparable to those he received under his prior earning capacity.
In the instant case, claimant does not indicate that his disability would preclude him from securing emloyment paying at least $9.00 an hour (claimant’s pre-injury wage). Additionally, the DC was presented with no medical evidence indicating that claimant should undergo vocational rehabilitation. The record reveals no testimony in this regard other than claimant’s assertion that he would like to be rehabilitated. Because there is no evidence in the record that could support a finding that claimant has suffered an injury that would preclude him from earning wages equal to the wages he earned prior to the injury, the portion of the DC’s order awarding rehabilitation benefits is reversed. Dimirra Development, Inc. v. Mills, 501 So.2d 63 (Fla. 1st DCA 1987). The remainder of the order is affirmed.
AFFIRMED in part, and REVERSED in part.
MILLS and WIGGINTON, JJ., concur.