SHIVERS, Judge.
The claimant in this workers’ compensation case appeals an order entered by the deputy commissioner (DC) after remand by this court in Towne v. Bates File Company, 497 So.2d 967 (Fla. 1st DCA 1986). We find it necessary to reverse and remand for further proceedings.
The record on appeal establishes that the claimant sustained a compensable back injury in August of 1984 leaving him with a 25% impairment rating, restrictions on his lifting activities, and a recommendation by his treating physician that he receive vocational training. In April of 1985, the claimant moved to Las Vegas, Nevada to re-enroll in a professional casino gambling school which he had previously attended in 1984 but had not completed. Completion of the school’s training program would enable claimant to receive a “gaming card” which would in turn make him eligible for employment as a dealer on Florida-based cruise ships. At the time of his 1985 move to Las Vegas, claimant wrote to the employer/Carrier’s (E/C’s) claims manager with information about the school and future employment opportunities, and requested approval of the program. When the E/C failed to respond to his letter, claimant filed a formal claim for rehabilitation benefits, specifically requesting that he be provided with training through the school in Las Vegas. The E/C failed to respond until just prior to the scheduled hearing, at which time they disputed claimant’s entitlement to rehabilitation benefits in a pretrial stipulation.
The DC entered an order, after a 1985 hearing, denying rehabilitation benefits on the basis that the claimant had failed to request benefits or to submit a rehabilitation plan for the E/C’s approval. The order was appealed to this court and, in our earlier opinion, we reversed the order and remanded “with directions that the claim be granted.” 497 So.2d at 969. After conducting a hearing on remand, the DC entered a second order on March 26, 1987 granting the claim for rehabilitation benefits but, since claimant’s $2,100 tuition had been paid by the federal government through a Pell grant, directing the E/C to “indemnify and hold the claimant harmless from any claim or demand from any agency of the United States government for repayment of the sums paid under the Pell grant for tuition and related benefits.” Claimant argues on appeal that the DC erred in failing to order the E/C to pay the $2,100 tuition directly to him; the E/C argue that payment of tuition to claimant would result in his receiving a “windfall,” since the cost of the tuition did not directly come out of the claimant’s pocket.
We agree with the E/C to the extent that a direct payment of the tuition to the claimant would result in his receiving a “windfall.” The 1987 order, however, will result in an equally inequitable windfall to the E/C, in the event that the United States government does not eventually demand repayment of the Pell grant from the claimant. Since we do not know whether claimant has repaid any part of the Pell grant, we reverse and remand for the DC to make a determination on that issue. If it is determined that claimant has repáid the United States government for some or all of said grant, claimant shall be reimbursed by the E/C for the total sum claimant repaid and the E/C shall pay the balance directly to the United States government on claimant’s behalf. If the claimant has not repaid any of said grant, the E/C shall repay the United States government for said Pell grant, whether or not claimant is required to repay said grant.
*67 Accordingly, the deputy commissioner’s order is reversed and remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
BOOTH and THOMPSON, JJ., concur.