SMITH, Judge.
This is an appeal from a workers’ compensation order awarding appellee, the claimant, the costs of attending a computer training program and an advance of twenty-six weeks of temporary total disability benefits. We reverse.
*223 During the course of his employment with Kash ‘N Karry as a bag boy, the claimant was injured and began receiving temporary total disability benefits in March 11, 1986. He later received temporary partial disability benefits, and by May 5, 1987, was working full-time at Wendy’s Hamburgers with the restriction to avoid lifting more than 50 pounds. As of May 5, 1987, claimant began receiving wage-loss benefits as he had reached maximum medical improvement with ten percent whole body impairment. In October 1987, claimant left Wendy’s and began working at a pizza restaurant on a part-time basis, although it is unclear from the record whether his part-time status was due to his injury. In December, 1987, claimant filed a petition for a lump sum advance on the stated ground that such an advance would be in his best interest.
At the hearing on the petition, claimant argued the advance was to enable relocation to Tampa for attendance of ITT Technical Institute. Claimant also sought the advance to cover the cost of tuition and books for the computer training program at ITT.
Aftér requesting an evaluation from a rehabilitation counselor, the deputy ordered the E/C to pay for the claimant’s tuition and books at ITT, and to pay 26 weeks of temporary total disability benefits when he commences his studies. The deputy reserved jurisdiction to award an additional 26 weeks of temporary total disability, and he also awarded attorney fees.
It is not clear whether the deputy awarded a lump sum advance under Section 440.-20(13)(d), Florida Statutes (1987) or rehabilitation benefits under Section 440.49. The E/C argues on appeal that the lump sum advance greatly exceeds the statutory maximum allowance. Furthermore, if the advance is deemed an award of rehabilitation benefits, the E/C argue that there is no evidence in the record that training at ITT is necessary to return claimant to his pre-injury wage status. We agree with both arguments.
The claimant’s rehabilitation counselor reported tuition at ITT Technical Institute would be in excess of $13,000.00; there was no other evidence to the contrary. Section 440.20(13)(d), provides that in no event should an advance be granted in excess of $7,500 or twenty-six weeks of benefits in any forty-eight month period. The record in the instant case reveals that twenty-six weeks of benefits at the claimant’s rate of compensation is $2,534.22. Clearly, this award is in excess of the statutory limit. Further, the rehabilitation counselor specifically reported to the deputy that it was her opinion that a computer training program was not necessary to return claimant to his pre-injury employment status, and the deputy made no finding that computer training was necessary to achieve the claimant’s pre-injury wage. See Dimirra Development, Inc. v. Mills, 501 So.2d 63 (Fla. 1st DCA 1987), and A.D. Builders, Inc. v. Johnston, 528 So.2d 1225 (Fla. 1st DCA 1988). Therefore, whether the award is deemed rehabilitation benefits or a lump sum advance, it is inappropriate.
Accordingly, the order below is REVERSED in its entirety.
SHIVERS and BARFIELD, JJ., concur.