PER CURIAM.
In this appeal of a workers’ compensation order, the employer/carrier (e/c) challenge an award of rehabilitation expenses which purported to reimburse claimant for her transportation to and from work. E/c contend that claimant failed to establish entitlement to rehabilitation benefits where she returned to her old job without suffering a reduction in wages. Moreover, e/c point out that transportation to and from work is not awardable as a rehabilitation expense. We agree, and reverse.
Claimant, who taught music at a number of appellant/employer’s schools, sustained compensable injuries in a fall on September 17, 1987. Because the injuries included a vertigo problem that prevented claimant from driving, she had to arrange for transportation upon her return to work for employer. Arrangements were frequently made on a day-to-day basis, and claimant would enlist her husband and son to drive her the considerable distance to work when a ride could not be arranged through other sources. In her claim for benefits, claimant sought transportation expenses as a form of rehabilitation.
In awarding the requested benefits, the Judge of Compensation Claims exceeded the scope of the rehabilitation provision. To be eligible for rehabilitation benefits, a claimant must offer competent substantial evidence that her compensable injury prevents her from earning wages equal to those earned prior to the injury. See § 440.49(1)(a), Fla.Stat. (1987); A.D. Builders, Inc. v. Johnston, 528 So.2d 1225 (Fla. 1st DCA 1988). In the instant case, claimant was able to return to work for employ *872 er and did not require rehabilitation to achieve her pre-injury wage; thus, the award of rehabilitation benefits was improper. Furthermore, we are directed to no authority in which transportation to and from work was awarded as a rehabilitation benefit.
Accordingly, the award of rehabilitation benefits is REVERSED.
MINER and ALLEN, JJ., and CAWTHON, VICTOR (Ret.), Associate Judge, concur.